DECISION
{¶ 1} Plaintiff-appellee, Mark D. Hollar, was employed as a fire fighter for appellant, Pleasant Township, when he sustained a low back injury while lifting an 80 pound bag of salt for the water softener on February 15, 1998. On February 17, 1998, he was treated by his family doctor, Dr. Matthew Cook. Appellee filed a workers' compensation claim that was allowed for lumbar strain by the Bureau of Workers' Compensation ("BWC"). On March 18, 1999, appellee filed a motion with the BWC/Industrial Commission of Ohio requesting that his claim be additionally allowed for the conditions of "herniated disc at L5-S1 and aggravation of pre-existing degenerative disc disease at L5-S1." A district hearing officer of the Industrial Commission of Ohio allowed the claim and the order was affirmed by a staff hearing officer and the Industrial Commission of Ohio ("commission"). Appellant appealed from the commission order and the jury found that appellee was entitled to participate in the Workers' Compensation fund for the condition of "aggravation of pre-existing degenerative disc disease at L5-S1" as a direct result of his February 15, 1998 injury, and also found that he was not entitled to participate for the condition of "herniated disc at L5-S1." The trial court awarded appellee costs in the amount of $2,260.50 and attorney fees in the amount of $2,500. Appellant filed a notice of appeal and raises the following assignments of error:
I. The trial court erred by failing to exclude the testimony of plaintiff-appellee's expert, Dr. Matthew Cook, based on his testimony that he was not qualified to testify and that he had not provided his opinions prior to his trial testimony.
II. The trial court erred by overruling defendant's objections to Dr. Cook's opinion testimony.
III. The trial court erred by overruling defendant-appellant's motion for directed verdict.
IV. The trial court erred by awarding costs and fees to plaintiff that are improper under R.C. 4123.512.
 {¶ 2} By the first assignment of error, appellant contends that the trial court erred by failing to exclude the testimony of appellee's expert, Dr. Cook. Appellant argues that, based on Dr. Cook's own testimony, he was not qualified to testify as an expert and that he had not provided his opinions prior to his trial testimony. The trial court has broad discretion in the admission or exclusion of evidence and, in the absence of an abuse of discretion which results in material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 3} In order to participate in the workers' compensation fund, a plaintiff must demonstrate, by a preponderance of the evidence, that his or her alleged injury arose in the course of his or her employment. Foxv. Indus. Comm. of Ohio (1955), 162 Ohio St. 569, paragraph one of the syllabus. In cases where injury is outside the realm of common knowledge, expert medical testimony is required. Darnell v. Eastman
(1970), 23 Ohio St.2d 13, syllabus.
 {¶ 4} During his discovery deposition, Dr. Cook testified as follows:
Q. The findings under impression — the pain and the radiating pain into his legs, is that explained by the posterolateral L5-S1 disc protrusion?
A. I can't honestly answer that in my area of expertise. At the time that that was ordered, evidently, from our information, he was having more pain on the left side. However, the MRI scan showed that the disc protrusion was worse on the right side. In my area of expertise, I can't explain the discrepancy with that.
(Dec. 6, 2002 Depo. at 12.)
 {¶ 5} Although Dr. Cook stated that this was not his area of expertise during his discovery deposition; during his trial testimony, Dr. Cook was not asked and did not discuss his area of expertise. While Dr. Cook is board certified in family practice, not orthopedic surgery, that fact does not render his trial testimony inadmissible. Generally, an expert witness is not required to be the best witness on the subject.Alexander v. Mt. Carmel Medical Ctr. (1978), 56 Ohio St.2d 155, 159. The test is whether the expert testimony will aid the trier of fact in its search for the truth. Id. Treating physicians may testify as experts because the testimony is based upon facts derived from the treatment of the injured party. Where an expert bases his opinion, in whole or in part, on facts or data perceived by him, the requirement of Evid.R. 703 has been satisfied. State v. Solomon (1991), 59 Ohio St.3d 124, syllabus. Thus, as appellee's treating physician, Dr. Cook could testify and the trial court did not err in failing to exclude his testimony. The argument is addressed to the weight to be given Dr. Cook's testimony.
 {¶ 6} Appellant also argues that the trial court should have excluded Dr. Cook's testimony because Dr. Cook failed to provide his opinions prior to his trial testimony in violation of Loc.R. 43.03 of the Court of Common Pleas of Franklin County, General Division. Loc.R. 43.03 provides as follows:
Disclosure of witnesses under this rule shall include the following information:
* * *
(c) Experts. A brief description of the expert's qualifications and summary of the expert's opinions and the basis or theory of that opinion.
 {¶ 7} Pursuant to Loc.R. 43.04, if a witness has not been disclosed in compliance with the rule, the witness may not testify unless the trial judge orders otherwise and subject to conditions imposed by the court. Appellant contends that the following questions and answers in Dr. Cook's discovery deposition render his trial testimony inadmissible. In his discovery deposition taken on December 6, 2002, Dr. Cook was asked:
Q. Have you been asked to render any specific opinions in this case up to date, up to today?
A. No, I have not.
(Dec. 6, 2002 Depo. at 10.)
 {¶ 8} During his testimony taken on December 17, 2002, and video taped for trial, Dr. Cook was asked if this was the first time he had expressed his opinion that the accident was the cause of appellee's low back complaints and Dr. Cook responded that, without reading the full transcript of his discovery deposition, he felt he had not previously rendered any opinions.
 {¶ 9} Based upon these answers, appellant argues that the testimony should have been excluded; however, appellant had the opportunity to question Dr. Cook during his discovery deposition regarding his opinions but failed to ask the appropriate questions. Also, despite appellant's contentions and Dr. Cook's answer, Dr. Cook did testify regarding his medical opinion during his discovery deposition, as follows:
A. Well, my opinion is that his pain — within reasonable certainty he's complained of pain in both sides from time to time, mostly on the left. I do still feel that within a reasonable degree of medical certainly [sic] that in my opinion it was caused by the disc injury.
(Dec. 6, 2002 Depo. at 34.)
 {¶ 10} Given this testimony, the trial court did not err in failing to exclude Dr. Cook's testimony. Appellant's first assignment of error is not well-taken.
 {¶ 11} By the second assignment of error, appellant contends that the trial court erred by overruling appellant's objections to Dr. Cook's opinion testimony. Appellant argues that appellee's counsel asked an improper question concerning Dr. Cook's opinion regarding a pre-existing condition because evidence that his condition was pre-existing had not been established prior to the question. Appellee's counsel asked Dr. Cook if he had an opinion as to whether or not the accident aggravated the degenerative disc disease that Dr. Cook believed was pre-existing and Dr. Cook answered that he believed that the accident did aggravate the pre-existing disc disease.
 {¶ 12} Evid.R. 705 provides that an expert may testify in terms of opinion after disclosure of underlying facts or data through a hypothetical question or otherwise; Dr. Cook, in response to the question immediately preceding the question to which appellant objects, stated that appellee had degenerative disc disease prior to the accident and the accident caused the herniated disc. Thus, Dr. Cook's previous answer provided the underlying fact that the condition was pre-existing before appellee's counsel asked the question to which appellant objects and evidence that the condition was pre-existing had been established. Appellant's second assignment of error is not well-taken.
 {¶ 13} By the third assignment of error, appellant contends that the trial court erred by overruling appellant's motion for directed verdict on the issue of "aggravation of pre-existing degenerative disc disease at L5-S1." Civ.R. 50(A)(4) governs the standard for directed verdicts and provides that:
* * * When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 {¶ 14} In ruling on a motion for a directed verdict, a trial court is required to construe the evidence most strongly in favor of the nonmovant. Civ.R. 50(A)(4); Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284. The motion must be denied where there is substantial evidence to support the nonmoving party's case and reasonable minds may reach different conclusions. Posin v. A.B.C. Motor Court Hotel
(1976), 45 Ohio St.2d 271, 275. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon the motion. Id. A motion for directed verdict tests whether the evidence presented is legally sufficient to take the case to the jury. Wagner v. Midwestern Indemn. Co. (1998), 83 Ohio St.3d 287, 294.
 {¶ 15} Appellant argues that Dr. Cook's testimony entitled it to a directed verdict pursuant to R.C. 4123.01(C)(2). When Dr. Cook was asked if the MRI results in regard to the degenerative disc disease indicated primarily a natural deterioration of appellee's lumbar spine, Dr. Cook testified that the degenerative changes were a natural deterioration. Therefore, appellant argues that R.C. 4123.01(C)(2) prohibits appellee from participation in the workers' compensation fund. R.C. 4123.01(C)(2) provides, as follows:
(C) "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:
* * *
(2) Injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body[.]
 {¶ 16} However, even though Dr. Cook testified that the degenerative disc disease was primarily a natural deterioration of appellee's spine, Dr. Cook also testified the herniated disc was the result of the accident, and that the accident also aggravated the pre-existing disc disease. Dr. Cook did not testify as appellant contends, but, rather, testified that appellee's accident aggravated the pre-existing condition and also caused the herniated disc. The testimony did not entitle appellant to a directed verdict and the trial court did not err in overruling appellant's motion. Appellant's third assignment of error is not well-taken.
 {¶ 17} By the fourth assignment of error, appellant contends that the trial court erred by awarding costs and fees to appellee that are improper under R.C. 4123.512. Appellant argues that the cost of Dr. Amendt's deposition, the cost of appellee's discovery deposition and the $34 deposition services cost for the canceled deposition of Dr. Cook are not payable as costs pursuant to R.C.4123.512. R.C. 4123.512 provides as follows:
(F) The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars.
 {¶ 18} Appellant argues that, pursuant to Booher v. Honda of Am.Mfg., Inc. (1996), 113 Ohio App.3d 798, appellee is not entitled to recover costs related to his unsuccessful claims. In Booher, the jury found the plaintiff entitled to benefits for lumbar sprain but not for a herniated disc claim. The appellate court did not find an abuse of discretion by the trial court for failing to award costs for depositions and expert fees that related to the plaintiff's unsuccessful herniated disc claim.
 {¶ 19} However, in McGeehan v. State Bureau of Workers' Comp.
(Dec. 28, 2000), Franklin App. No. 00AP-648, the employer appealed a decision of the Industrial Commission which allowed a claim for three conditions, including a lumbar strain/sprain, aggravation of pre-existing lumbar degenerative disc disease and lumbar instability. At trial, the employer conceded the plaintiff's entitlement for lumbar strain/sprain and the jury determined that the plaintiff was not entitled to participate based upon the aggravation of pre-existing lumbar disc disease and lumbar instability. This court determined that, even though the employer had conceded the issue of participation based upon lumbar strain/sprain and the plaintiff did not succeed on the issues of aggravation of pre-existing lumbar degenerative disc disease and lumbar instability, the plaintiff could still receive his costs, pursuant to R.C. 4123.512(F), because he had succeeded on his lumbar strain/sprain claim. Thus, appellee is entitled to receive reimbursement of his costs.
 {¶ 20} Appellant argues that the costs associated with Dr. Amendt's deposition should not have been recoverable because the deposition was not reasonably necessary to establish appellee's right to participate because Dr. Amendt did not render an opinion concerning the aggravation of degenerative disc disease. However, pursuant to McGeehan, appellee can recover his costs because he was successful with at least one of his claims and we do not find an abuse of discretion by the trial court in awarding such.
 {¶ 21} Finally, appellant argues that the $34 deposition service cost is not recoverable. Costs associated with depositions are recoverable costs. Appellee concedes that the $150.55 fee, which is a deposition services fee for appellee's deposition, is not chargeable as a cost. Appellant's fourth assignment of error is well-taken as to the $150.55 fee which should not have been awarded.
 {¶ 22} For the foregoing reasons, appellant's first, second and third assignments of error are overruled, the fourth assignment of error is sustained in part concerning the $150.55 cost which should not have been awarded, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.
Judgment affirmed in part, reversed in part and remanded.
Bryant and Klatt, JJ., concur.