OPINION
{¶ 1} Appellant, Allied Holdings, Inc., Allied Systems, Ltd., Subsidiary ("Allied"), appeals the judgment of the Madison County Court of Common Pleas allowing appellee, John W. Collins, to participate in the workers' compensation fund, and denying Allied's motions for directed verdict and judgment notwithstanding the verdict. *Page 2 
 {¶ 2} Collins is a car hauler/truck driver for Allied. On February 7, 2005, he suffered sharp low back pain with radiation into his left leg while tightening a chain to a vehicle on a car carrier with a tie-down bar. The following day, as the pain worsened, Collins went to the emergency room in the early morning hours. There, he was diagnosed with "acute low back pain, lumbosacral strain." Collins filed a workers' compensation claim. The claim was denied on May 19, 2005 on the ground there was insufficient evidence Collins had sustained a new and distinct injury on February 7, 2005. The denial of the claim was based on a report from Paul T. Hogya, M.D, an independent medical examiner. After exhausting all appeals to the Industrial Commission, Collins filed a petition and appeal in the trial court pursuant to R.C. 4123.512. In his petition, Collins alleged he suffered lumbosacral strain and lumbar IVD with myelopathy as a result of the February 7, 2005 work accident.
 {¶ 3} On September 18, 2006, Allied filed a motion in limine to prevent Collins from pursuing claims for injuries other than lumbar strain. The deposition of Penny S. Hogan, M.D., Collins' expert and treating physician, was conducted the following day. During her deposition, Dr. Hogan was asked to state her opinion with regard to both a herniated disc and lumbosacral strain/lumbar sprain.[1] Dr. Hogan's testimony will be fully discussed later.
 {¶ 4} On October 3, 2006, the matter was tried to a jury. Only a claim for lumbosacral strain/lumbar sprain was pursued. Collins testified on his behalf and presented, inter alia, the videotaped deposition of Dr. Hogan. At the close of Collins' case, Allied moved for a directed verdict, which was overruled. Allied subsequently presented the videotaped deposition of Dr. Hogya.
 {¶ 5} Dr. Hogya examined Collins on April 28, 2005, and reviewed his medical history *Page 3 
and records. Dr. Hogya testified that when he examined Collins, there was no evidence of lumbosacral sprain/strain because "it appeared at that point it had healed." Dr. Hogya further testified that the low back pain Collins suffered during the February 7, 2005 work accident was not a new injury but rather, was a flare-up or exacerbation of a lumbar sprain/strain Collins suffered in a car accident in December 2004. The record shows that on December 21, 2004, Collins was involved in a front end collision as a front seat passenger. He was transported to the hospital where he was diagnosed with acute lumbar strain, contusion, and hematoma to the right leg. Dr. Hogya agreed with both lumbosacral sprain/strain diagnoses made after the car accident and the February 7, 2005 work accident. However, Dr. Hogya testified that the low back pain suffered by Collins during the February 7, 2005 work accident was not directly or proximately caused by the accident that day, but was simply "a continuation or flareup of the low back strain that still had not fully resolved from the motor vehicle accident." Dr. Hogya also testified that the February 7, 2005 work accident did not aggravate Collins' previous lumbar strain.
 {¶ 6} At the close of the case, Allied again moved for directed verdict, which was overruled. On October 5, 2006, the jury returned a verdict in favor of Collins, allowing him to participate in the workers' compensation fund for "lumbosacral strain or lumbar sprain." Allied subsequently moved for judgment notwithstanding the verdict on the ground that Dr. Hogan's testimony failed to establish that the February 7, 2005 work accident directly or proximately caused Collins to have a lumbar strain/sprain that day. The trial court denied the motion and on November 29, 2006, entered a judgment in favor of Collins allowing him to participate in the workers' compensation fund for "lumbosacral strain or lumbar sprain." Allied appeals, raising three assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "PLAINTIFF-APPELLEE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO *Page 4 
ESTABLISH THAT THE ALLEGED FEBRUARY 7, 2005 WORK INJURY DIRECTLY OR PROXIMATELY CAUSED HIM TO HAVE A LUMBOSACRAL STRAIN OR LUMBAR SPRAIN."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING ITS MOTION FOR DIRECTED VERDICT MADE AT THE CLOSE OF PLAINTIFF-APPELLEE'S CASE."
 {¶ 11} In its first assignment of error, Allied argues that Collins failed to show by a preponderance of the evidence that the February 7, 2005 work accident directly or proximately caused him to have lumbosacral strain/lumbar sprain. Specifically, Allied argues that Dr. Hogan's testimony failed to clearly and unequivocally establish that the work accident directly or proximately caused the lumbosacral strain/lumbar sprain. Allied contends that "Dr. Hogan only opined that the alleged February 7, 2005 work incident either caused or worsened a herniated disc at L2-3." In its second assignment of error, Allied argues that the trial court erred by overruling its motion for directed verdict at the close of Collins' case. Again, Allied contends that Dr. Hogan's testimony did not sufficiently establish that the February 7, 2005 work accident proximately or directly caused lumbosacral strain/lumbar sprain.
 {¶ 12} To be entitled to workers' compensation benefits, an employee must prove by a preponderance of the evidence not only that his injury arose out of and in the course of his employment, but that a direct or proximate causal relationship existed between his injury and his harm or disability. Fox v. Indus. Comm. of Ohio (1955), 162 Ohio St. 569, 576;Smith v. Conrad, Clinton App. No. CA2002-09-036, 2004-Ohio-2075. In cases where injury is outside the realm of common knowledge, expert medical testimony is required. Hollar v. Pleasant Twp., Franklin App. No. 03AP-250, 2003-Ohio-6827, ¶ 3, citing Darnell v. Eastman (1970),23 Ohio St.2d 13. Where medical evidence is necessary, that evidence must show that the *Page 5 
accidental injury was or probably was a direct or proximate cause of the harm or disability. Fox at 576.
 {¶ 13} An appellate court reviews a judgment on a motion for directed verdict de novo. See Enderle v. Zettler, Butler App. No. CA2005-11-484,2006-Ohio-4326; Grau v. Kleinschmidt (1987), 31 Ohio St.3d 84. A motion for directed verdict under Civ.R. 50 is to be granted when, after construing the evidence most strongly in favor of the party against whom the motion is directed, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 50(A)(4); Crawford v. Halkovics (1982),1 Ohio St.3d 184. Conversely, the motion must be denied when there is substantial competent evidence to support the nonmoving party's case and reasonable minds may reach different conclusions. Hollar,2003-Ohio-6827, ¶ 14, citing Posin v. A.B.C. Motor Court Hotel (1976),45 Ohio St.2d 271.
 {¶ 14} The trial court need not consider either the weight of the evidence or the credibility of the witnesses in disposing of a motion for a directed verdict. Choate v. Tranet, Inc., Warren App. No. CA2005-09-105, 2006-Ohio-4565, ¶ 49. Further, the court must not only construe all direct and positive evidence in a light most favorable to the nonmoving party, it must also give the nonmoving party the benefit of all "reasonable inferences" that may be drawn from the evidence. SeeBroz v. Winland, 68 Ohio St.3d 521, 1994-Ohio-529.
 {¶ 15} The question before us is whether Collins presented sufficient evidence at trial, via Dr. Hogan's testimony, to establish a causal connection between the February 7, 2005 work accident and the condition of lumbosacral strain/lumbar sprain. We note at the outset that at the time Dr. Hogan's deposition was taken, Collins still intended to pursue a claim for both lumbosacral strain/lumbar sprain and a herniated disc. As a result, during her deposition, Dr. Hogan was asked to state her opinion with regard to both lumbosacral *Page 6 
strain/lumbar sprain and a herniated disc. The record shows that medical tests performed after the February 7, 2005 work accident revealed that Collins suffered from a herniated disc (as well as a longstanding degenerative disc disease) which required surgery (surgery was performed in December 2005).
 {¶ 16} Collins has been a patient of Dr. Hogan since 2001. During her deposition, Dr. Hogan testified that when she saw him a week after his car accident, Collins' primary complaint was the hematoma on his right leg, even though he was diagnosed at the hospital with lumbar strain. Dr. Hogan stated that following the car accident, she did not treat Collins for back pain at all. This was confirmed by Collins who testified at trial that between his car accident and the February 7, 2005 work accident, he neither took medication nor sought medical attention for low back pain. Dr. Hogan also saw and examined Collins on February 11, 2005 a few days after the February 7 work accident.
 {¶ 17} Dr. Hogan testified that she diagnosed Collins on February 11 with "lumbar disc disease with injury of the nerve root, in addition, to a lumbar strain or sprain." Following her explanations as to why she diagnosed Collins with both lumbar disc disease with nerve involvement and lumbar strain/sprain, Dr. Hogan stated that the disc disease referred to a disc herniation and that the lumbar strain/sprain was "a separate injury." She was then asked, "Doctor, you testified about what your diagnosis was, do you have an opinion based upon a reasonable degree of medical probability, what the cause of the diagnoses were?" Dr. Hogan replied, "It's clearly related to the injury that he sustained tying down the cars, because he had no back pain prior to that. And clearly, a lot of back pain the day after corroborated by the evaluation in the ER."
 {¶ 18} Thereafter, Dr. Hogan was asked about Dr. Theodore Bernstein's records regarding Collins (over the years, Dr. Bernstein performed several surgeries on Collins' back); Collins' back complaints over the years beginning in 1989; the specific surgeries Collins had *Page 7 
between 1989 and 2005, including the December 2005 surgery for his herniated disc; and the changes on his vertebrae and discs between a 1997 MRI and an MRI he had a few days after the February 7, 2005 work accident. The foregoing testimony spanned 16 pages of Dr. Hogan's transcribed deposition, focused solely on the vertebrae and discs that were operated on over the years, and never referred to lumbosacral strain/lumbar sprain. The following exchange then ensued:
 {¶ 19} "Q. Doctor, have you had an opportunity to review all of the records that we have been able to obtain concerning Mr. Collins, your training, your experience, the-specifically the operative findings of Dr. Bernstein, the history that Mr. Collins has provided, your examination, as well as the other examinations, do you have an opinion as what his diagnosis is as it relates to his injury on February the 7th, 2005?
 {¶ 20} "[counsel for Allied]: Objection.
 {¶ 21} "Q. First of all, due to the objection, are you able to — based upon all of that and based upon a reasonable degree of medical probability, arrive at a diagnosis?
 {¶ 22} "[counsel for Allied]: Continuing objection.
 {¶ 23} "[Dr. Hogan]: Yes.
 {¶ 24} "Q. And, Doctor, what is your diagnosis?
 {¶ 25} "A. Given 20/20 hindsight, it appears that with the work injury that February of `05 that he sustained a new herniation or worsened herniation of the L2-L3 disc. And possibly also L3-L4 disc level."
 {¶ 26} Dr. Hogan also had the opportunity to review a report Dr. Hogya prepared following his April 2005 examination of Collins. Dr. Hogan noted Dr. Hogya's failure to find a lumbar sprain/strain when he examined Collins, but stated that "at that point, I would say it had healed." Dr. Hogan "very strongly disagree[d]" with Dr. Hogya's opinion that the pain suffered by Collins during the February 7, 2005 work accident was an exacerbation of the low *Page 8 
back injury sustained during the car accident, rather than a new injury.
 {¶ 27} Allied argues that Dr. Hogan's testimony failed to clearly establish that the February 7, 2005 work accident directly or proximately caused lumbosacral strain/lumbar sprain. Allied asserts that Dr. Hogan's testimony was ambiguous and "unclarified" and therefore not competent evidence. Specifically, Allied takes issue with Dr. Hogan's following statements: "It's clearly related to the injury that he sustained tying down the cars, because he had no back pain prior to that.," and in particular her use of the phrase "it's related;" and "given 20/20 hindsight, it appears that with the work injury that February of `05 that he sustained a new herniation or worsened herniation of the L2-L3 disc."
 {¶ 28} Upon reviewing Dr. Hogan's challenged statements in light of all of her testimony, we reject Allied's argument. In denying Allied's motion for judgment notwithstanding the verdict, the trial court noted that because Dr. Hogan was asked to give her opinion regarding both a herniated disc and lumbosacral strain/lumbar sprain, her testimony was as a result fragmented. Nonetheless, the trial court found her testimony still "embrace[d] a causal relationship" between the work accident and the lumbosacral strain/lumbar sprain diagnosis. We agree with the trial court's reasoning.
 {¶ 29} With regard to Dr. Hogan's use of the phrase "it's related," we find Allied's argument to be essentially one of semantics. A careful review of Dr. Hogan's answer, in the context of her preceding testimony, clearly shows that she was making the causal connection, based upon a reasonable degree of medical probability, between the February 7, 2005 work accident and her diagnosis of lumbar strain/sprain (as well as her other diagnosis of lumbar disc disease). Dr. Hogan clearly testified that she diagnosed Collins on February 11 with two conditions and that the lumbar strain/sprain was a separate injury. In addition, she "very strongly" disagreed with Dr. Hogya's opinion that the pain suffered by Collins during the work accident was simply an exacerbation or flare-up of the lumbar strain/sprain he suffered from *Page 9 
the car accident.
 {¶ 30} With regard to the other challenged statement which starts with "given 20/20 hindsight," we likewise reject Allied's argument. This statement came on the heels of several pages of testimony during which the testimony was focused solely on the surgeries performed on Collins' vertebrae and discs over the years, including his December 2005 surgery, and which never referred to lumbosacral strain/lumbar sprain. Reviewing Dr. Hogan's testimony as a whole, we find that this challenged statement does not contradict her previous opinion that the February 7, 2005 work accident proximately or directly caused lumbosacral strain/lumbar sprain. Dr. Hogan's testimony does not indicate that she gave mutually exclusive opinions.
 {¶ 31} We therefore find that Dr. Hogan's testimony was competent testimony which established a causal connection between the February 7, 2005 work accident and the condition of lumbosacral strain/lumbar sprain.
 {¶ 32} Further, upon reviewing and construing the evidence before us most strongly in Collins' favor, we find that there was substantial competent evidence upon which reasonable minds could differ as to whether the February 7, 2005 work accident proximately or directly caused a new and distinct injury of lumbosacral strain / lumbar sprain, rather than a flare-up or exacerbation of the lumbosacral strain/lumbar sprain he sustained from the December 2004 car accident. Thus, the trial court did not err by overruling Allied's motion for directed verdict at the close of Collins' case.
 {¶ 33} Allied's first and second assignments of error are overruled.
 {¶ 34} Assignment of Error No. 3:
 {¶ 35} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING ITS MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT." *Page 10 
 {¶ 36} Once again, Allied contends that Dr. Hogan's testimony "never stated in terms of reasonable medical probability" that the February 7, 2005 work accident proximately or directly caused lumbosacral strain/lumbar sprain. Allied also takes issue with the trial court's failure to address Dr. Hogan's trial testimony when overruling Allied's motion for judgment notwithstanding the verdict. In overruling the motion, the trial court held that:
 {¶ 37} "There is some confusion in reference to [Collins'] expert testimony because Dr. Hogan was asked to state opinions regarding a herniated disc and lumbosacral strain/lumbar sprain both of which were related to events on February 7, 2005, when he was tying down the cars on the carrier. Because the disc injury was eliminated post-deposition, Dr. Hogan's testimony is fragmented when she states with medical probability the causal relationship between the work-related event and the disc/strain/sprain diagnoses. The Court is confident that her opinion, after eliminating disc involvement, still embraces a causal relationship between the events of the strain/sprain with reasonable probability." Allied asserts that the trial court was required to specifically address the sufficiency of Dr. Hogan's testimony before overruling its motion.
 {¶ 38} We note that a motion for judgment notwithstanding the verdict is reviewed under the same standard as that of a motion for a directed verdict. Choate, 2006-Ohio-4565, ¶ 48, citing Texler v. D.O. SummersCleaners Shirt Laundry Co., 81 Ohio St.3d 677, 1998-Ohio-602. Allied's argument regarding Dr. Hogan's testimony has already been considered under Allied's first and second assignments of error. We therefore incorporate our treatment of Allied's argument under this assignment of error and need not readdress it separately. See Brown v. PerformanceAuto Ctr, Inc. (May 19, 1997), Butler App. No. CA96-10-205. Given our resolution under Allied's first and second assignments of error, we find that the trial court did not err by overruling Allied's motion for judgment notwithstanding the verdict. There was substantial competent evidence upon which reasonable minds could come to different *Page 11 
conclusions on the diagnosis of lumbosacral strain/lumbar sprain related to the February 7, 2005 work accident.
 {¶ 39} We further disagree with Allied that the trial court was required to specifically address the sufficiency of Dr. Hogan's testimony before overruling its motion. We first note that Allied has not cited, and we have not found, any cases in support of its assertion. Civ.R. 50(E) provides that "[w]hen in a jury trial a court directs a verdict or grants judgment without or contrary to the verdict of the jury, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment." Under Civ.R. 50(E), when granting a judgment notwithstanding the verdict, a trial court is required to state the basis for its decision, and more specifically, identify the reasons it believes granting the motion was proper. See Orenski v. Zaremba Mgt. Co., Inc. (Dec. 7, 2000), Cuyahoga App. Nos. 77368 and 77369, citing Pusey v. Greif Bros. Corp. (1997), 124 Ohio App.3d 725. There is no such requirement under Civ.R. 50(E) when a trial court denies a motion for a judgment notwithstanding the verdict. Allied's third assignment of error is accordingly overruled.
 {¶ 40} Judgment affirmed.
BRESSLER and POWELL, JJ., concur.
[1] Dr. Hogan defined lumbar sprain/strain as strained muscles that are in a spasm as well. Dr. Hogya defined a strain as a stretching or tearing of the muscles and tendons, and a sprain as a stretching or tearing of ligaments. Dr. Hogya testified that when used by physicians, the terms lumbosacral strain and lumbar sprain are essentially interchangeable. *Page 1