HOLMES, APPELLANT, *v*. CRAWFORD MACHINE, INC., ET AL., APPELLEES.

[Cite as *Holmes v. Crawford Machine, Inc.,*

**134 Ohio St.3d 303, 2012-Ohio-5380.**]

*Workers' compensation—R.C. 4123.512(F)—Once a claimant's right to participate in the workers' compensation fund has been established, a trial court does not abuse its discretion under R.C. 4123.512(F) by awarding the claimant reimbursement for costs related to the conditions for which the trier of fact determined the claimant was ineligible to participate in the fund.*

(No. 2011-2040—Submitted August 21, 2012—Decided November 27, 2012.)

CERTIFIED by the Court of Appeals for Crawford County,

No. 3-11-12, 2011-Ohio-5741.

————————————

**SYLLABUS OF THE COURT**

When a claimant's right to participate in the workers' compensation fund is established on appeal, R.C. 4123.512(F) requires the trial court to award the claimant his or her costs. The trial court is not required to apportion costs based on the outcome of a particular claim and/or condition.

————————————

**MCGEE BROWN, J.**

**{¶ 1}** In this case, we are asked to resolve a conflict between the Third and Tenth District Courts of Appeals. The issue is whether after a claimant's right to participate in the workers' compensation fund has been established, a trial court abuses its discretion under R.C. 4123.512(F) when it awards the claimant his or her costs related to the conditions for which the trier of fact determined the claimant was ineligible to participate in the fund. We hold that when a claimant's

right to participate in the workers' compensation fund is established on appeal, R.C. 4123.512(F) requires the trial court to award the claimant his or her costs. R.C. 4123.512 requires the trial court to use "the effort expended" as the criterion for setting the amount of the award. Thus, we hold that under R.C. 4123.512, a trial court is not required to apportion costs based on the outcome of a particular claim and/or condition. Accordingly, a trial court does not abuse its discretion by awarding costs under R.C. 4123.512(F) when it reimburses a claimant for costs incurred on appeal without regard to the outcome of a particular claim and/or condition.

## I. Factual and Procedural Background

{¶ 2} Appellant, Jeff Holmes, filed a workers' compensation claim against appellee Crawford Machine, Inc., for multiple conditions. Holmes alleged that while he was working on a machine and using a tool to tighten wires, he was jolted with electricity for approximately 30 seconds. An Ohio Bureau of Workers' Compensation administrator allowed Holmes's claim for electric-current effects and sprain of left shoulder/arm, and Crawford Machine appealed. After reviewing the appeal, a district hearing officer vacated the administrator's order and disallowed Holmes's claim. Holmes appealed. Upon consideration of the matter, a staff hearing officer vacated the district hearing officer's order and granted Holmes's injured-worker claim on the following conditions: (1) left-shoulder strain, (2) electrical shock, (3) low back strain, (4) left-rotator-cuff tear, (5) left-posterior-shoulder dislocation, and (6) abrasion of right fifth finger. Crawford Machine appealed this order, but an administrative appeal was refused by the Industrial Commission.

{¶ 3} Pursuant to R.C. 4123.512, Crawford Machine appealed the staff hearing officer's order to the Crawford County Court of Common Pleas. And Holmes filed a petition and complaint on appeal seeking participation in the State Insurance Fund for all his injuries and an award of attorney fees and costs.

Crawford Machine filed an answer denying the assertions in Holmes's complaint that would entitle him to participate in the fund and asking that Holmes's complaint be dismissed with prejudice at Holmes's cost. The Ohio Bureau of Workers' Compensation filed a similar answer.

{¶ 4} The case was tried before a jury in February 2011. In accordance with the verdicts of the jury, the trial court held that Holmes was entitled to participate in the Ohio Workers' Compensation system for the condition of "abrasion right fifth finger" but was not entitled to participate for the other conditions that had been allowed by the staff hearing officer. Thereafter, Holmes filed a motion for attorney fees and costs incurred as a result of the appeal. Crawford Machine opposed the motion, arguing that Holmes was not entitled to reimbursement of his attorney fees or costs, because he had not incurred any attorney fees or costs in relation to his fifth-finger-abrasion condition. The trial court granted Holmes's motion and ordered that Holmes's attorney be paid $4,200 in attorney fees and that Holmes be reimbursed for costs in the amount of $7,551.23.

{¶ 5} Crawford Machine appealed from the judgment granting attorney fees and costs, and Holmes appealed from the judgment allowing one, but not all, of his claims. The Third District Court of Appeals consolidated the appeals. The court upheld the judgment allowing only one claim, and that issue is not before us in this case. The court reversed the trial court's judgment ordering attorney fees and costs and remanded the matter. The court further held that its judgment in the consolidated appeal was in conflict with the judgment rendered in *Hollar v. Pleasant Twp.*, 10th Dist. No. 03AP-250, 2003-Ohio-6827, on the issue of reimbursement of costs under R.C. 4123.512(F), and it certified the conflict to this court. We certified the following issue:

"When a claimant/employee petitions the common pleas court to participate in the workers' compensation fund for multiple claims/conditions and the trier of fact finds that the claimant/employee is entitled to participate in the fund for at least one of those claims/conditions but not all of the claims/conditions, does the trial court abuse its discretion under R.C. 4123.512(F) by taxing an opposing party attorney's fees and costs that are strictly related to the claims/conditions for which the trier of fact determined that the claimant/employee was ineligible to participate in the fund?"

131 Ohio St.3d 1471, 2012-Ohio-896, 962 N.E.2d 802, quoting the court of appeals' entry. For the reasons that follow, we answer the question in the negative and reverse the judgment of the court of appeals.

## II. Analysis

{¶ 6} R.C. 4123.512(F) provides for the reimbursement of the "cost of any legal proceeding," including attorney fees, incurred by a claimant who prevails on a workers' compensation appeal. R.C. 4123.512(F); *Schuller v. United States Steel Corp.*, 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857. Reimbursement for these costs "is subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal." *Kilgore v. Chrysler Corp.*, 92 Ohio St.3d 184, 188, 749 N.E.2d 267 (2001); *see also* R.C 4123.512(F). R.C. 4123.512(F) states:

The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate

in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed forty-two hundred dollars.

**{¶ 7}** We have previously explained that R.C. 4123.512(F) is a provision intended to protect a claimant who is forced to litigate an appeal. "[T]he legislative intent behind [R.C. 4123.512(F)] * * * is that 'a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal.' " *Schuller* at ¶ 10, quoting *Moore v. Gen. Motors Corp., Terex Div.*, 18 Ohio St.3d 259, 262, 480 N.E.2d 1101 (1985). Since claimants in this position incur out-of-the-ordinary expenses in order to establish their right to participate in the fund, which are expenses that other claimants do not incur, R.C. 4123.512(F) provides a financial award to a successful claimant so that he or she can retain more of the recovery. *See Kilgore* at 187. This policy behind the statute and our cases interpreting the statute focus not on the outcome of the particular claims raised by a claimant, but instead on the cost of litigating the appeal. *Schuller* at ¶ 13 (stating that costs "directly related to a [claimant's] appeal" are reimbursable expenses); *Kilgore* at 187-188 (discussing certain costs as a "litigation expense").

**{¶ 8}** The issue certified to this court is whether after a claimant's right to participate in the workers' compensation fund has been established, a trial court abuses its discretion under R.C. 4123.512(F) by awarding the claimant reimbursement for costs related to the conditions for which the trier of fact determined the claimant was ineligible to participate in the fund. The Third District Court of Appeals determined that a trial court's decision to reimburse costs under R.C. 4123.512(F) that were related only to unsuccessful claims and/or

conditions is an abuse of discretion. *Holmes v. Crawford Machine, Inc.,* 3d Dist. No. 3-11-12, 2011-Ohio-5741, ¶ 65-80. In *Hollar*, however, the Tenth District Court of Appeals concluded that if a claimant is successful with at least one of his claims, a trial court does not abuse its discretion in awarding the claimant all of his costs under R.C. 4123.512(F). *Hollar,* 2003-Ohio-6827, at ¶ 19-20. Resolution of this matter requires only that we look to the plain language of the statute.

{¶ 9} R.C. 4123.512(F) applies specifically to a claimant who is adjudged on appeal to be eligible to participate in the fund. In other words, the event that triggers the availability of reimbursement under R.C. 4123.512(F) is the establishment on appeal that a claimant has the right to participate or continue to participate in the fund. The section does not delineate additional factors that must be satisfied by the claimant. In fact, language referring to allowed or nonallowed conditions is not found anywhere in the section.

{¶ 10} We must apply the section in a manner consistent with the plain meaning of the statutory language; we cannot add words. *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997). We would impermissibly add language to the statute if we were to hold that a claimant must be reimbursed for costs only when his or her right to participate or to continue to participate in the fund is established upon the final determination of an appeal *and* when the costs are related to a particular claim and/or condition.

{¶ 11} Therefore, we hold that the plain language of R.C. 4123.512(F) requires a trial judge to order reimbursement of costs to a claimant for any legal proceeding authorized under R.C. 4123.512 once the claimant's right to participate or to continue to participate in the workers' compensation fund is established on appeal. When a claimant's right to participate in the fund is established, the trial court is not required under R.C. 4123.512(F) to apportion costs based on the outcome of a particular claim and/or condition.

**{¶ 12}** The trial court's determination of the reimbursement award must be based on the criterion set forth in the statute. R.C. 4123.512(F) requires that the costs be "fixed by the trial judge, based upon the effort expended." Applying common grammar and usage to the statutory language, we conclude that the statute requires the award of costs to be based on the effort spent by the claimant's attorney in litigating the appeal. The trial court must make this determination and set the reimbursement award accordingly.

**{¶ 13}** We have said that a trial court must make a determination that such costs are reasonable. *See Schuller,* 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, at syllabus. However, we refuse to hold that courts should use the outcome of a claimant's particular claim to determine whether the "effort expended" on appeal on that claim was reasonable. The outcome of an appeal is not the conclusive indicator of whether effort was reasonably expended on a claimant's behalf. Under R.C. 4123.512, reasonable expenses are those "bearing a direct relation to a claimant's appeal that lawyers traditionally charge to clients." *Kilgore,* 92 Ohio St.3d at 188, 749 N.E.2d 267.

**{¶ 14}** The plain language of R.C. 4123.512(F) requires a trial judge to order reimbursement to a claimant for costs, including attorney fees up to $4,200, if the claimant's right to participate in the fund is established or upheld on appeal. In this case, Holmes was adjudged to be entitled to participate in the fund for a fifth-finger abrasion. Therefore, pursuant to R.C. 4123.512(F), the trial court was required to reimburse him for his costs, including attorney fees, associated with his appeal. Since R.C. 4123.512(F) does not require an apportionment of these costs based on the outcome of Holmes's particular conditions, the trial court did not abuse its discretion when it made no such division of costs. Accordingly, we answer the certified-conflict question in the negative and reverse the judgment of the court of appeals.

### III. Conclusion

{¶ 15} The plain language of R.C. 4123.512(F) requires a trial judge to order reimbursement of costs to a claimant for any legal proceeding authorized under R.C. 4123.512 once the claimant's right to participate or to continue to participate in the workers' compensation fund is established on appeal. Apportionment of these costs is not required under the statute. R.C. 4123.512 requires the trial court to use "the effort expended" as the criterion for setting the amount of the award. Therefore, once a claimant's right to participate in the workers' compensation fund has been established, a trial court does not abuse its discretion under R.C. 4123.512(F) by awarding the claimant reimbursement for costs related to the conditions for which the trier of fact determined the claimant was ineligible to participate in the fund.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, and LANZINGER, JJ., concur.

O'DONNELL and CUPP, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 16} Respectfully, I dissent.

{¶ 17} In my view, R.C. 4123.512(F) does not require an employer to pay the costs and fees associated with a claimant's unsuccessful workers' compensation claims. In this case, although Holmes had been entitled to participate in the workers' compensation fund only for an abrasion on his finger, the trial court awarded $7,551.23 in costs and $4,200 in attorney fees incurred for other unsuccessful claims. Because the statute does not permit this award, I would affirm the appellate court's judgment.

**Facts and Procedural Background**

{¶ 18} Jeff Holmes, an employee of Crawford Machine, Inc., sought workers' compensation benefits for injuries allegedly arising from a July 2009 industrial accident. The Industrial Commission allowed his claims for left shoulder strain, electrical shock, low back strain, left rotator cuff tear, left posterior shoulder dislocation, and an abrasion of the right fifth finger. Crawford Machine appealed the allowance to the common pleas court, and after a trial, a jury found that Holmes could participate in the workers' compensation fund, but only for the abrasion on his right fifth finger, disallowing all the other claims. Holmes appealed, and the appellate court affirmed.

{¶ 19} Subsequently, the trial court awarded Holmes $7,551.23 in costs and $4,200 in attorney fees based on his right to participate in the workers' compensation fund for the abrasion on his finger. The Third District Court of Appeals reversed that award, holding that Crawford Machine could not be required to pay costs and fees that were not related to Holmes's successful claim for benefits. The Third District certified that its holding conflicted with the holding in *Hollar v. Pleasant Twp.*, 10th Dist. No. 03AP-250, 2003-Ohio-6827. We accepted the certified conflict and ordered the parties to brief the following question:

> "When a claimant/employee petitions the common pleas court to participate in the workers' compensation fund for multiple claims/conditions and the trier of fact finds that the claimant/employee is entitled to participate in the fund for at least one of those claims/conditions but not all of the claims/conditions, does the trial court abuse its discretion under R.C. 4123.512(F) by taxing an opposing party attorney's fees and costs that are strictly related to the claims/conditions for which the trier of fact

determined that the claimant/employee was ineligible to participate in the fund?"

131 Ohio St.3d 1471, 2012-Ohio-896, 962 N.E.2d 802, quoting the court of appeals' entry.

### Law and Analysis

**{¶ 20}** In *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 10, we explained that a workers' compensation claim constitutes the recognition of an employee's right to participate in the workers' compensation fund "*for a specific injury or medical condition*, which is defined narrowly, and it is only for that condition, as set forth in the claim, that compensation and benefits provided under the [Workers' Compensation Act] may be payable." (Emphasis added.) We stated in *Ward* that each alleged injury or condition "must be considered as a separate claim for purposes of R.C. 4123.511 and 4123.512." *Id.* at ¶ 11.

**{¶ 21}** Relevant to the certified question in this appeal is R.C. 4123.512(F), which provides for the award of costs and fees associated with a successful claim for workers' compensation benefits and which states:

The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, *in the event the claimant's right to participate or to continue to participate in the fund is established* upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the

fund. The attorney's fee shall not exceed forty-two hundred dollars.

(Emphasis added.)

{¶ 22} R.C. 4123.512(F) does not authorize the award of costs and fees incurred in bringing unsuccessful claims. Each claimed injury represents a separate claim for the right to participate in the workers' compensation fund, and the legislature intended that a court award only those costs and fees that relate to the specific injury entitling the employee to participate. In its enactment of R.C. 4123.512(F), the General Assembly did not intend to shift the costs of litigating unsuccessful claims to employers; rather, it intended only that workers not bear the costs of seeking to participate for legitimate injuries occurring in the workplace, and it therefore limited reimbursement to successful claims. Thus, the General Assembly did not intend to require employers to pay costs and fees for claims on which they prevailed.

{¶ 23} Further, R.C. 4123.512(F) affords discretion to a trial court to award the costs and fees of any legal proceedings authorized by R.C. 4123.512, but only if the award is *reasonable* and is based upon the effort expended, and if the right to participate in the fund has been established. Thus, in *Schuller v. United States Steel Corp.*, 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, syllabus, we held that an expert witness's fee for live in-court testimony is a reimbursable cost of legal proceedings pursuant to R.C. 4123.512(F), subject to a trial court's determination that the fee is *reasonable*. And in *Cave v. Conrad*, 94 Ohio St.3d 299, 762 N.E.2d 991 (2002), syllabus, we held that "*reasonable* videotaped deposition expenses may be taxed as costs and awarded to *a successful workers' compensation claimant* in an action brought pursuant to R.C. 4123.512." (Emphasis added.)

**{¶ 24}** In this case, the jury found Holmes entitled to participate in the workers' compensation fund only for an abrasion on his right fifth finger, an injury treated on site with a bandage. And although Holmes's expert did not examine this finger or base an opinion on it, the trial court awarded Holmes the expert's fee. This award, in my view, is therefore unreasonable and not based on the effort expended. Nor is it reasonable to award $7,551.23 in costs for an injury that consisted of a small abrasion treated by a bandage.

**{¶ 25}** Thus, the trial court awarded costs and fees that are not related to the injury for which Holmes is entitled to participate in the workers' compensation fund but rather were incurred to pursue unsuccessful claims. Because these costs and fees are neither reasonable nor based on the effort expended on the successful claim, I would affirm the judgment of the appellate court.

CUPP, J., concurs in the foregoing opinion.

_____

Nager, Romaine & Schneiberg Co., L.P.A., Jennifer L. Lawther, Jerald A. Schneiberg, and Stacy M. Callen, for appellant.

Oldham Kramer and Barbara A. Knapic, for appellee Crawford Machine, Inc.

Michael DeWine, Ohio Attorney General, and Alexandra T. Schimmer, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, Elisabeth A. Long, Deputy Solicitor, and Kevin J. Reis and Colleen C. Erdman, Assistant Attorneys General, for appellee Bureau of Workers' Compensation.

Philip J. Fulton Law Office, Philip J. Fulton, and Chelsea J. Fulton, urging reversal for amici curiae Ohio Association of Claimants' Counsel and Ohio Association for Justice.

Oldham Kramer and Barbara A. Knapic, urging affirmance for amicus curiae Ohio Manufacturers' Association.

Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging affirmance for amicus curiae Ohio Chamber of Commerce.

Bricker & Eckler, L.L.P., and Thomas R. Sant, urging affirmance for amicus curiae Ohio Chapter of the National Federation of Independent Business.

Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, urging affirmance for amicus curiae Ohio Self-Insurers Association.

_____