[Cite as *McNatt v. Dept. of Job & Family Servs.*, 2019-Ohio-476.]

| | |
|---|---|
| VINCE MCNATT | Case No. 2018-01256PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13.

{¶2} On July 31, 2018, requester Vince McNatt made a public records request for several categories of records and information related to a job position within respondent Ohio Department of Job and Family Services (ODJFS). (Complaint at 3-4.) Over the next three weeks the parties exchanged correspondence, McNatt made additional requests, and ODJFS provided most of the requested records. (*Id.* at 2-30.) On August 16, 2018, ODJFS denied the July 31 request as it pertained to "interview questions [and] responses * * * for all applicants." (*Id.* at 11.)

{¶3} On September 6, 2018, McNatt filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). The case was referred to mediation, and on November 9, 2018, ODJFS provided McNatt with the requested records. (Moss Aff. at ¶ 4.) On November 15, 2018, the court mediator

entered a report that the parties had reached an agreement resolving the case, and recommended dismissal pursuant to R.C. 2743.75(E)(1), with court costs to be absorbed by the court.

{¶4} However, on November 20, 2018, McNatt submitted a letter titled "motion for court review decision to include statutory damages." On November 27, 2018, ODJFS filed a response to the motion. On November 28, 2018, the clerk of the court returned the case to the docket of the special master for resolution. On December 6, 2018, McNatt submitted an unlabeled memorandum in support of the motion for damages. Neither the motion for damages nor McNatt's subsequent memorandum included a certificate of service or case caption. Civ.R. 5(B)(4) and Civ.R. 10(A). Thus, these pleadings may not be considered by the court. Civ.R. 5(B)(4).

{¶5} On December 10, 2018, ODJFS filed a motion to dismiss (Response).

**Suggestion of Mootness**

{¶6} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. ODJFS asserts that the sole claim in the complaint, for production of "Interview Question & Answers," has been satisfied by production of the responsive documents. (Response at 2-4; Moss Aff. at ¶ 4.) Based on the uncontradicted evidence in the case, I find that McNatt's request for production of records is moot.

**Filing Fee, Costs, and Statutory Damages**

{¶7} ODJFS notes that McNatt seeks recovery of his filing fee, lost wages, parking fees, and mileage, as well as an award of statutory damages. (Response to Motion for Damages at 1-2.) Although McNatt's improper submissions of November 20 and December 6, 2018 may not be considered, these issues will be addressed for the sake of completeness.

First, the recoveries available under R.C. 2743.75(F)(3) are conditional:

*If the court of claims determines* that the public office or person responsible for the public records denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code and if no appeal from the court's final order is taken under division (G) of this section, both of the following apply:

* * *

(b) The aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the aggrieved person, * * *.

(Emphasis added.) This statutory language does not authorize recovery for an unsuccessful claim. *See Holmes v. Crawford Mach., Inc.*, 134 Ohio St.3d 303, 2012-Ohio-5380, 982 N.E.2d 643, ¶ 22. Nor does it authorize recovery where the court makes no determination at all. *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136, ¶ 31-35.

{¶8} There is no claim of violation pending for determination. ODJFS mooted the claim for production during mediation, precluding the need for determination. McNatt failed to assert any other claim in the complaint, including any claim regarding timeliness. An unasserted claim fails to satisfy the requirement of notice pleading to provide "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). Where there is no discernable claim in the complaint, the violation of Civ.R. 8(A) is a valid ground for dismissal under Civ.R. 12(B)(6). *See Sultaana v. Horseshoe Casino*, 8th Dist. Cuyahoga No. 102501, 2015-Ohio-4083, ¶ 10-14; *Karras v. Rogers*, 10th Dist. Franklin No. 09AP-221, 2008-Ohio-5760, ¶ 10-11. I find that any later assertion of untimely production is subject to dismissal for failure to state a claim.

{¶9} Next, even had McNatt stated a claim regarding timeliness, and assuming arguendo that the court found a violation, and assuming further that statutory damages are an available remedy in an action brought under R.C. 2743.75, McNatt did not make his request in writing "by hand delivery or certified mail," a condition precedent to an

award of statutory damages under the version of R.C. 149.43(C)(2) in effect at the time the request was made. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2018-Ohio-5133, ¶ 35. He is thus ineligible for statutory damages.

{¶10} Finally, McNatt misapprehends the meaning of "any other *costs* associated with the action that were incurred." R.C. 2743.75(F)(3)(b). In Ohio law,

> Even with the word "all" placed before "costs" in R.C. 3515.09, the key word in the statute is "costs." *Benda v. Fana* (1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201 ("costs" and "all costs" synonymous). "Costs are generally defined as the *statutory* fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." (Emphasis added.) *Id.* at paragraph one of the syllabus; *State, ex rel. Commrs. of Franklin Cty., v. Guilbert* (1907), 77 Ohio St. 333, 338, 83 N.E. 80, 81. In other words, a particular litigation expense will not qualify as part of "costs" unless it is "fixed and taxable according to statute." *Benda, supra*, 10 Ohio St.2d at 263, 39 O.O.2d at 413, 227 N.E.2d at 201. "'[C]osts' are not synonymous with [litigation] expenses unless expressly made so by statute." *Id.*

*In re Election of November 6*, 62 Ohio St.3d 1, 4, 577 N.E.2d 343 (1991). *But see Schuller v. United States Steel Corp.*, 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, ¶ 6-10 (under a legislative mandate that workers' compensation statutes be liberally construed, the phrase "cost of any legal proceedings" is interpreted broadly). In any case, because McNatt is ineligible for recovery of his filing fee or costs for the reasons noted earlier, the court need not evaluate which, if any, of his listed expenses were "costs" "associated with the action" and "incurred" within the meaning of the statute.

### Conclusion

{¶11} Upon consideration of the pleadings and attachments, I recommend that the court 1) find that the claim for production of records is moot, and 2) dismiss for failure to state a claim upon which relief can be granted any other purported violation. I

recommend that the case be dismissed with prejudice pursuant to R.C. 2743.75(E)(1), and that court costs be absorbed by the court.

{¶12} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed January 8, 2019**
**Sent to S.C. Reporter 2/12/19**