JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel. Plaintiff-appellant Stacey Hairston (Hairston) appeals the Court of Common Pleas' denial of his motion for attorney's fees. After reviewing the parties' arguments and pertinent case law, we reverse.
 {¶ 2} Hairston sustained work-related injuries on October 13, 1994, while playing for the Cleveland Browns, hereinafter referred to as the Baltimore Ravens, Inc. (Ravens), during a professional football game.[1]
 {¶ 3} On May 29, 1996, Hairston filed a C-50 Application for Compensation and Medical Benefits in light thereof with Alexis, Inc. (Alexis), the Ravens' Third Party Administrator. On June 7, 1996, Hairston filed a C-92 Application for the Determination of a Percentage of Permanent Partial Disability.
 {¶ 4} On June 24, 1996, Alexis accepted Hairston's claim for cervical sprain and fracture of the spinous process. On June 25, 1996, the Ravens notified the Ohio Bureau of Workers' Compensation (BWC) that it certified Hairston's claim.
 {¶ 5} On October 29, 1996, the Administrator of the BWC granted Hairston a tentative 17% Permanent Partial Disability (PPD) award. *Page 4 
 {¶ 6} On November 13, 1996, Alexis and the Ravens notified the BWC that it sought to amend its claim allowance to accept Hairston's claim for cervical sprain but not for fracture of the spinous process. Specifically, the Ravens argued that its claim allowance was erroneous because there was no medical information supporting the allowance for fracture of the spinous process.
 {¶ 7} Additionally, on November 18, 1996, the Ravens objected to the tentative PPD award arguing the same. On March 19, 1997, the District Hearing Officer affirmed, holding that Hairston was entitled to a 17% PPD award for the cervical sprain and for fracture of the spinous process allowances.
 {¶ 8} On April 10, 1997, the Ravens filed an objection. Thereafter, a ten-year gap in time passed in which no activity occurred in the case sub judice.
 {¶ 9} On December 14, 2006, a District Hearing Officer conducted a hearing pertaining to the Ravens' November 18, 1996 objections and decided to reset the PPD matter until after the claim allowance issue was resolved. The District Hearing Officer found as follows:
 "The attorney for the self-insured employer indicated that there was an issue regarding this claim allowance, and therefore, the Staff Hearing Officer vacated the District Hearing Officer order granting a Permanent Partial Disability award and intended to refer this matter to a District Hearing Officer allowance docket regarding clarification of allowance/claim allowance. * * *
 As there appears to be an issue regarding correct claim allowance and/or claim allowance in general, this matter is referred back to the Industrial Commission docketing section to be docketed on the issue of claim allowance/claim allowance clarification at the District Hearing Officer level." *Page 5 
 {¶ 10} On December 14, 2006, the Ravens filed a motion for clarification of Hairston's allowance and of his injury or occupational disease allowance.
 {¶ 11} On January 17, 2007, after the matter was referred back to the Industrial Commission docketing section, a District Hearing Officer determined that it did not have continuing jurisdiction to rule on the matter and found, in part, as follows:
 "[T]his District Hearing Officer finds the employer of record has not submitted any evidence supporting a mistake of fact, fraud, error by an inferior tribunal or mistake of law to warrant an exercise of continuing jurisdiction by the Industrial Commission in regards to the allowed conditions in this claim. Therefore, the employer's prior certification of these conditions remains in effect."
 {¶ 12} On April 16, 2007, upon appeal, a Staff Hearing Officer denied the Ravens' motion and declined to accept continuing jurisdiction as well.
 {¶ 13} On May 4, 2007, the Ravens appealed to the Industrial Commission, which was refused on May 7, 2007.
 {¶ 14} On June 28, 2007, the Ravens filed a notice of appeal, and thereafter, a complaint with the Court of Common Pleas, appealing the May 7, 2007 order of the Industrial Commission.
 {¶ 15} On November 19, 2007, in the Common Pleas Court, Hairston filed a motion to dismiss for lack of subject matter jurisdiction, which was opposed by the Ravens. This motion was granted on January 7, 2008. *Page 6 
 {¶ 16} On February 1, 2008, Hairston filed a motion for attorney's fees pursuant to R.C. 4123.512(F), which was also opposed by the Ravens, but denied by the Common Pleas Court.
 {¶ 17} Hairston now appeals to this court, asserting one assignment of error for our review.
ASSIGNMENT OF ERROR
 "The trial court erred by refusing to award attorney fees pursuant to R.C. 4123.512(F)."
 {¶ 18} Hairston argues that the trial court erred when it denied his motion for attorney's fees.
 {¶ 19} A trial court's ruling on a motion for attorney's fees, pursuant to R.C. 4123.512(F), is reviewed upon an abuse of discretion standard. Hansford v. Midwest Staff Solutions, Cuyahoga App. No. 87226,2006-Ohio-5581. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 20} Pursuant to R.C. 4123.512(F), the Common Pleas Court shall award attorney's fees, not to exceed $4,200, in the event that a claimant's right to participate in the fund is established upon final determination on appeal:
 "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the *Page 7 
employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed forty-two hundred dollars."
 {¶ 21} The Supreme Court of Ohio found the following as it pertains to R.C. 4123.512(F):
 "The overarching consideration in this case is the requirement imposed by R.C. 4123.95 that workers' compensation statutes are to be `liberally construed in favor of employees.' We have held in the past that statutes to reimburse plaintiffs who win workers' compensation appeals are designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund. This court also noted that by enacting such statutes, the General Assembly has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal * * *." Kilgore v. Chrysler, 92 Ohio St.3d 184, 2001-Ohio-166. (Internal citations omitted.)
 {¶ 22} As such, we have held: "The award of attorney fees is mandatory under the statute." Powers v. City of North Royalton (1995),103 Ohio App.3d 269. (Decided under former analogous section.)
 {¶ 23} Specifically, "[t]he trial court may award attorney's fees to the claimant's attorney when the employer's appeal, pursuant to R.C. 4123.519, is dismissed for lack of subject matter jurisdiction."Wickline v. Ohio Bell Telephone Co., Cuyahoga App. No. 82AP-748,9 Ohio App.3d 32. (Decided under former analogous section.)
 {¶ 24} Thus, in applying the law to the facts of this case, we find that the Common Pleas Court's dismissal of the case for lack of subject matter jurisdiction ensured that Hairston would be granted continued participation in workers' *Page 8 
compensation pursuant to R.C. 4123.512(F). In light thereof, Hairston prevailed on appeal with the Common Pleas Court and is entitled to attorney's fees even if dismissal was the result of lack of subject matter jurisdiction. See R.C. 4123.512(F).
 {¶ 25} Additionally, Hairston's counsel submitted a statement of hours and documentation in support. Hairston's counsel documented 28.25 hours of work expended, as of February 1, 2008 and a $175 per hour fee, thus totaling $4,943.75 in attorney's fees. Of the 28.25 hours expended, Hairston's counsel actively participated in the case by filing a motion for leave to file the complaint instanter, a request for production of documents, a motion to dismiss for lack of subject matter jurisdiction, and a motion for attorney's fees. This calculation does not include the many hours spent defending the instant appeal. We also note that counsel's full-time practice is located in Columbus, Ohio, and he was required to travel to Cleveland, Ohio to represent Hairston.
 {¶ 26} Thus, the attorney's fees that Hairston incurred defending this matter are not only reasonable, but are well beyond the $4,200 statutory maximum. As such, we find that the Common Pleas Court abused its discretion when it denied Hairston's motion for attorney's fees.
 {¶ 27} Hairston's sole assignment of error is sustained.
 {¶ 28} Judgment is reversed and we remand this cause for further proceedings consistent with the law and this opinion.
 It is ordered that appellant recover from appellee costs herein taxed. *Page 9 
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR
[1] Hairston was employed as a professional football player by appellee, Baltimore Ravens, Inc., and had played for the appellee when it was doing business as the Cleveland Browns in 1994. *Page 1