[Cite as *Johnson-Floyd v. REM Ohio, Inc.*, 2011-Ohio-6542.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RHODA JOHNSON-FLOYD | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 11-CA-25 |
| REM OHIO, INC., ET AL. | |
| | |
| Defendants-Appellees | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Case Nos. 09CV1171 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 8, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellant | For Defendants-Appellees |
| LAUREN N. OSGOOD | MICHAEL DEWINE |
| MARK A. ADAMS | Ohio Attorney General |
| Adams & Gast, LLC | |
| 1110 Beecher Crossing North, Suite D | SANDRA E. PINKERTON |
| Columbus, Ohio 43230 | Counsel of Record |
| | Assistant Attorney General |
| | Workers' Compensation Section |
| | 150 East Gay Street, 22nd Floor |
| | Columbus, Ohio 43215 |

*Hoffman, P.J.*

{¶ 1} Plaintiff-appellant Rhoda Johnson-Floyd appeals the April 5, 2011 Judgment Entry entered by the Fairfield County Court of Common Pleas, which ordered Defendants-appellees REM Ohio, Inc., et al. to pay her $2000.00 in statutory attorney fees, following Appellees' acknowledgement Appellant was entitled to additional benefits from the Bureau of Workers' Compensation Fund.

STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant was injured at work on May 20, 1994. Appellant filed a workers' compensation claim for the injuries she sustained. The Ohio Bureau of Workers' Compensation allowed her claims for "lumbar disc displacement, lumbar sprain, disorders of the sacrum and post-laminectomy syndrome." Subsequently, in April, 2209, Appellant sought the right to participate for the additional conditions of "lumbar stenosis of L2-3 and L3-4 and lumbar radiculopathy of L2-3 and L3-4." The Industrial Commission of Ohio granted Appellant's request as to the stenosis and radiculopathy at L3-4, but denied her request with respect to the stenosis and radiculopathy at L2-3.

{¶ 3} On September 4, 2009, Appellant filed a Notice of Appeal as well as a Complaint against Appellee Administrator, Bureau of Workers' Compensation in the Fairfield County Court of Common Pleas, appealing the denial of the stenosis and radiculopathy at L2-3 claims pursuant to R.C. 4123.512. The Administrator, with leave, filed an Answer as well as an initial disclosure of witnesses.

{¶ 4} The parties filed a joint pretrial statement on March 2, 2010. The trial court conducted a pretrial on March 26, 2010, and scheduled the matter for trial. At the pretrial, counsel for Appellant anticipated Appellant would either settle the claims or

voluntarily dismiss the pending case because Appellant continued to receive on-going treatment and disability compensation for the allowed conditions in the claim.

{¶ 5} In June, 2010, counsel for Appellee sent a letter to counsel for Appellant, indicating Appellant had not yet responded to the interrogatories and requests for production, and had not signed requested medical releases. Appellant sent responses to some of the interrogatories in August, 2010. However, those responses did not include full names and addresses for Appellant's treating physicians. Ultimately, Appellee sought a protective order to cancel the deposition of Appellant's expert, and an order to compel Appellant to fully respond to discovery. The parties briefed their respective positions. The trial court ordered Appellant to provide full and complete responses to Appellee's interrogatories, and to sign the medical release. The trial court also granted the protective order and continued the trial date.

{¶ 6} After Appellant responded to discovery, Appellee sought and reviewed medical records, determined which possible independent medical examiners did not have conflicts of interest with Appellant's treating physicians, and named Dr. Matthew McDaniel as its expert witness and independent examiner. Appellee scheduled Dr. McDaniel's trial deposition as well Appellant's examination by the doctor. Appellant sought a protective order to prevent the independent medical examination. Appellee opposed the protective order. The trial court ordered Appellant to submit to the examination, which she did on January 20, 2011.

{¶ 7} The independent medical examiner found the additional conditions which Appellant sought to include were directly related to her 1994 injury. After receiving the report from the independent medical examiner, Appellee agreed to allow the disputed

conditions.    Appellee agreed to pay Appellant $2000, in attorney fees.    Appellant refused, and then filed a motion for costs and request for the statutory $2500 maximum in attorney fees.  Appellee filed a memorandum in opposition.  Via Judgment Entry filed April 5, 2011, the trial court awarded Appellant $2000, in attorney fees.

{¶ 8}   It is from this judgment entry, Appellant appeals, assigning as error:

{¶ 9}   "I. IN THIS WORKERS' COMPENSATION ACTION, THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE FULL AMOUNT OF ATTORNEY FEES UNDER OHIO REV. C §4123.512(F) WHERE THE RECORD CONTAINS EVIDENCE THAT COUNSEL EARNED THE FULL AMOUNT.

{¶ 10} "II. IN THIS WORKERS' COMPENSATION ACTION, THE TRIAL COURT ABUSED ITS DISCRETION IN NOT HOLDING A HEARING GIVING COUNSEL THE OPPORTUNITY TO BE HEARD REGARDING ATTORNEY FEES."

I

{¶ 11} In her first assignment of error, Appellant maintains the trial court abused its discretion in denying her the full amount of attorney fees allowed by R.C. 4123.512(F).

{¶ 12} The decision to grant or deny fees under R.C. 4123.512(F) lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Azbell v. Newark Group, Inc.,* 5th Dist. No. 07 CA 00001, 2008-Ohio-2639. An abuse of discretion is more than an error of law or judgment, rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 13} R.C. 4123.512(F) authorizes the trial court to award attorney fees within a statutory limit to the successful claimant. The version of R.C. 4123.512(F) applicable to this matter reads:

{¶ 14} "The costs of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer* * * The attorney's fees shall not exceed twenty-five hundred dollars."[1]

{¶ 15} We find the trial court did not abuse its discretion in limiting the amount of attorney fees awarded to Appellant to $2000. In the motion for costs and fees, counsel for Appellant detailed the work she performed in preparing the matter for trial, from the filing of the initial Notice of Appeal and Complaint with the Fairfield County Court of Common Pleas, to responding to numerous motions filed by Appellee. Counsel did not include an affidavit or time sheet stating the number of hours she worked on the case or her hourly rate. Upon review, we find some of the work counsel for Appellant performed was necessitated by her own actions. Appellant failed to timely respond to Appellee's discovery requests, thus requiring Appellee to file a motion to compel to which Appellant then responded. Appellant filed a motion for a protective order to prevent the independent medical examination. It appears Appellant's counsel's attempts to avoid

---

[1] 2006 Am. Sub. S.B. 7, effective August 25, 2006, amended R.C. 4123.512(F) to increase the statutory maximum attorney fees from $2500 to $4200. The Ohio Supreme Court held the amendments of S.B. 7 apply only to industrial injuries after August 25, 2006. *Thornton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360.

the examination caused this matter to remain unresolved for longer than it otherwise would. Though we do not mean to suggest the trial court would have abused its discretion had it awarded the maximum $2500, we do not find its decision to award $2000 constitutes an abuse of its discretion.

{¶ 16} Appellant's first assignment of error is overruled.

II

{¶ 17} In her second assignment of error, Appellant asserts the trial court abused its discretion by failing to conduct an oral hearing on her motion for attorney fees. We disagree.

{¶ 18} R.C. 4123.512 does not require a trial court to conduct a hearing when determining whether or how much attorney fees to award. Additionally, via Judgment Entry filed February 14, 2011, the trial court scheduled a non-oral hearing on Appellant's motion for costs and attorney fees and any reply thereto. Appellant did not request an oral hearing prior to or after receiving this notice.

{¶ 19} Appellant's second assignment of error is overruled.

{¶ 20} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer
HON. SHEILA G. FARMER

s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

RHODA JOHNSON-FLOYD        :
           :
     Plaintiff-Appellant         :
           :
-vs-                                :           JUDGMENT ENTRY
           :
REM OHIO, INC., ET AL.        :
           :
     Defendants-Appellees      :           Case No. 11-CA-25

For the reasons stated in our accompanying Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY