[Cite as *Rubenbauer v. C. W. Zumbiel Co.*, 2013-Ohio-929.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JEFFREY RUBENBAUER, | : | APPEAL NO. C-120486 |
| | | TRIAL NO. A-1010531 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| C.W. ZUMBIEL CO., | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed In Part, Reversed In Part, and Cause
                Remanded

Date of Judgment Entry on Appeal: March 15, 2013

*Weber, Dickey & Bellman* and *Gregory W. Bellman*, for Plaintiff-Appellee,

*Taft, Stettinius, & Hollister, LLP*, and *Charles M. Stephan*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}   Defendant-appellant C.W. Zumbiel Company ("Zumbiel") appeals from the trial court's judgment granting plaintiff-appellee Jeffrey Rubenbauer the right to participate in Ohio's workers' compensation fund for the conditions of left-elbow synovitis and left-elbow chondromalacia.  Zumbiel also appeals the trial court's judgment awarding Rubenbauer attorney fees.  We affirm the trial court's judgment as to the merits of Rubenbauer's claims, but we reverse the trial court's award of attorney fees and remand this cause for further proceedings on that issue.

## Facts and Procedural Posture

{¶2}   While working for Zumbiel, Rubenbauer injured his left elbow as he was lifting a stack of cartons and moving them onto a skid.  As a result, Rubenbauer was allowed to participate in the workers' compensation fund for left-elbow strain and left-elbow loose bodies. Rubenbauer moved the Industrial Commission to allow additional workers' compensation claims for conditions known as "left-elbow synovitis" and "left-elbow chondromalacia." Rubenbauer claimed that his synovitis was a direct result of his workplace injury and that his chondromalacia was a pre-existing condition that had been substantially aggravated by his workplace injury. The Industrial Commission denied Rubenbauer's motion.  Rubenbauer subsequently appealed to the Hamilton County Common Pleas Court.  Following a bench trial, the court ruled in favor of Rubenbauer and allowed both claims.  The court also awarded Rubenbauer $4200 in attorney fees.  This appeal followed.

## Manifest Weight of the Evidence

{¶3}   In its first assignment of error, Zumbiel contends that the trial court's judgment was against the manifest weight of the evidence because Rubenbauer's

expert could not state with certainty that Rubenbauer's workplace injury had actually caused his synovitis or that the injury had substantially aggravated a pre-exisiting condition of chondromalacia.

{¶4} We will not reverse a trial court's decision as against the manifest weight of the evidence unless, after weighing the evidence and all reasonable inferences and after considering the credibility of witnesses, we determine that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the case must be reversed and a new trial ordered. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12-22; *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶5} To succeed on his workers' compensation claim Rubenbauer had to demonstrate by a preponderance of the evidence that he suffered from the conditions alleged and that they had been proximately caused or had been substantially aggravated by his workplace accident. *Fox v. Indus. Comm. of Ohio*, 162 Ohio St. 569, 125 N.E.2d 1 (1955), paragraph one of the syllabus; *Bell v. Admin., Ohio Bur. of Workers' Comp.*, 1st Dist. No. C-110166, 2012-Ohio-1364, ¶ 23; R.C. 4123.01(C)(4). At issue in this case was whether Rubenbauer's workplace injury (1) had directly caused left-elbow synovitis and (2) had substantially aggravated the pre-existing condition of left-elbow chondromalacia.

{¶6} Zumbiel contends that Rubenbauer failed to establish direct causation or substantial aggravation because Rubenbauer's treating physician and expert witness, Dr. Timothy Kremchek, could not state with certainty whether either of Rubenbauer's conditions had pre-existed his workplace injury. Where, as here, medical expert testimony was necessary to demonstrate causation, the testifying

expert must be able to opine, at a minimum, that the injury was "more likely than not" caused by or substantially aggravated by the accident. *Krull v. Ryan*, 1st Dist. No. C-100019, 2010-Ohio-4422, ¶ 14; *Shumaker v. Oliver B. Cannon & Sons, Inc.*, 28 Ohio St.3d 367, 369, 540 N.E.2d 44 (1986).

{¶7} In this case, Kremchek could not state with absolute certainty whether Rubenbauer's chondromalacia was a pre-existing condition. But Kremchek did testify that, based on what he had observed when he operated on Rubenbauer, it was "more likely than not" that Rubenbauer's chondromalacia had existed prior to his workplace injury. Kremchek also opined that Rubenbauer's synovitis was directly caused by his work-place injury. Both of these opinions were based on Kremchek's education, training, experience, review of the case history, and personal observations, and were made within a "reasonable degree of medical certainty." Under these circumstances, the trial court did not err in relying on Kremchek's opinion to establish causation. This assignment of error is overruled.

## Kremchek Did Not Equivocate

{¶8} In its second, third, and fourth assignments of error, Zumbiel argues that the trial court should not have afforded any weight to Kremchek's testimony because Kremchek contradicted himself on key issues.

{¶9} In *State ex rel. Eberhard v. Flxible Corp*, 70 Ohio St.3d 649, 657, 640 N.E.2d 815 (1994), the Ohio Supreme Court held that "equivocal medical opinions are not evidence." Equivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement." *Id.*; *see also Pflanz v. Pilkington LOF*, 1st Dist. No. C-100574, 2011-Ohio-2670, ¶ 24. Zumbiel points to several passages in Kremchek's deposition and

4

in a 2008 medical report in support of its argument that Kremchek equivocated. These passages, however, were either taken out of context, were later clarified when Kremchek explained his answer, or were corrected when Kremchek realized that he had misspoken. His medical opinions were therefore not equivocal and the trial court did not err by relying on them. Zumbiel's second, third, and fourth assignments of error are overruled.

### Attorney Fees

{¶10} In its fifth assignment of error, Zumbiel contends that the trial court erred when it ordered Zumbiel to pay attorney fees under R.C. 4123.512(F) without first conducting a hearing. We review the trial court's decision for an abuse of discretion. *Bland v. Ryan*, 2012-Ohio-3176, 977 N.E.2d 107, ¶ 7 (2d Dist.).

{¶11} R.C. 4123.512(F) provides that a prevailing claimant is entitled to attorney fees from his or her employer where the employer had contested the claimant's right to participate in the workers' compensation fund. Attorney fees are to be "fixed by the trial judge, based upon the effort expended," and cannot exceed $4200. R.C. 4123.512(F). The trial court may, in its discretion, order a hearing on the issue of attorney fees, but a hearing is not required by statute. R.C. 4123.512(F); *Johnson-Floyd v. Rem Ohio Inc.*, 5th Dist. No 11-CA-25, 2011-Ohio-6542, ¶ 18. The award, however, must be supported by the record. In this case, counsel failed to submit a timesheet and accompanying affidavit detailing the hours expended on the case and counsel's hourly rate. And there is no other competent evidence in the record to support the trial court's award. We therefore reverse the trial court's award of attorney fees, and remand this case for further proceedings on this issue.

{¶12} Zumbiel's fifth assignment of error is sustained.

{¶13} In sum, we affirm the trial court's judgment allowing Rubenbauer to participate in the workers' compensation fund for the additional conditions of left-elbow synovitis and left-elbow chondromalacia. We reverse the trial court's award of attorney fees, and remand this cause for further proceedings on that issue, only.

Judgment affirmed in part, reversed in part, and cause remanded.

**HENDON, P.J.,** and **DeWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

6