[Cite as *Smith v. Franciscan Communities, Inc.*, 2014-Ohio-5291.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101451**

---

**BERTHA SMITH**

PLAINTIFF-APPELLANT

vs.

**FRANCISCAN COMMUNITIES INC., ET AL.**

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-768058

**BEFORE:** Kilbane, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEYS FOR APPELLANT**

Jerald A. Schneiberg
Stacy M. Callen
Jennifer L. Lawther
Nager, Romaine & Schneiberg
27730 Euclid Avenue
Cleveland, Ohio 44132

**ATTORNEYS FOR APPELLEES**

**For Franciscan Communities**

Lawrence H. Friedlander
30195 Chagrin Boulevard
Suite 300
Pepper Pike, Ohio 44124


**For Steve Buehrer**

Mike DeWine
Attorney General
Jeffrey B. Duber
Assistant Attorney General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio     44113

MARY EILEEN KILBANE, J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Plaintiff-appellant, Bertha Smith ("Smith"), appeals the decision denying her motion for attorney fees under R.C. 4123.512(F). For the reasons set forth below, we affirm.

{¶3} On January 18, 2010, Smith was injured at work while employed by defendant-appellee, Franciscan Communities, Inc. ("Franciscan"). Smith filed a claim for workers' compensation, which was subsequently allowed for lumbar sprain, neck sprain, contusion of the right wrist, contusion of the right forearm, and left wrist sprain. Smith later amended her claim for a herniated disc, which was also allowed. In November 2011, Franciscan appealed this additional allowance to the Cuyahoga County Court of Common Pleas.

{¶4} The matter proceeded with discovery, and trial was set for July 16, 2012. On July 10, 2012, Franciscan moved to dismiss its appeal. The trial court granted the dismissal, without prejudice, on July 27, 2012. Then, on March 31, 2014, Smith filed a "bare-bones" motion for attorney fees under R.C. 4123.512(F), without requesting a hearing. Moreover, Smith did not submit with her motion documentation in support, detailing the hours expended on the case, counsel's hourly rate, and costs incurred in preparation for trial. Franciscan opposed, and the trial court denied Smith's motion on April 29, 2014.

{¶5} It is from this order that Smith appeals, raising the following single assignment of error for our review.

Assignment of Error

The trial court abused its discretion in summarily denying [Smith's] motion for fees.

**{¶6}** We review the trial court's ruling on a motion for attorney fees under R.C. 4123.512(F) for an abuse of discretion. *Hairston v. Baltimore Ravens, Inc.*, 8th Dist. Cuyahoga No. 91339, 2008-Ohio-5341, ¶ 19, citing *Hansford v. Midwest Staff Solutions*, 8th Dist. Cuyahoga No. 87226, 2006-Ohio-5581. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**{¶7}** R.C. 4123.512(F), which governs attorney fees in workers' compensation appeals in common pleas court, provides:

> The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed forty-two hundred dollars.

**{¶8}** Under this section, the prevailing claimant is entitled to attorney fees from his or her employer where the employer had contested the claimant's right to participate in the workers' compensation fund and the claimant's right to participate is established upon the final determination of the appeal. Attorney fees are to be fixed by the trial judge, based upon the effort expended, and cannot exceed $4,200. The award, however, must be supported by the record. *Rubenbauer v. C.W. Zumbiel Co.*, 1st Dist. Hamilton No. C-120486, 2013-Ohio-929, ¶ 11.

**{¶9}** In the instant case, counsel for Smith submitted a motion for attorney fees more than year-and-a-half after the case was dismissed, without requesting a hearing. In the "bare bones" motion, Smith states that counsel is entitled to $4,200 in fees because of the amount of time counsel spent on the case. Smith's counsel, however, failed to submit documentation in support, detailing the hours expended on the case, counsel's hourly rate, and costs incurred in preparation for trial (i.e., the cost of expert reports, depositions, etc.). *See Hairston,* 8th Dist. Cuyahoga No. 91339, 2008-Ohio-5341, ¶ 25 (finding that the trial court abused it discretion by denying plaintiff's motion for attorney fees when the record demonstrates that counsel submitted a statement of hours and documentation in support.) *See also Johnson-Floyd v. Rem Ohio Inc.,* 5th Dist. Fairfield No. 11-CA-25, 2011-Ohio-6542. Thus, based on the circumstances in the instant case, we find the trial court did not abuse its discretion when it denied Smith's motion for attorney fees.

**{¶10}** Accordingly, the sole assignment of error is overruled.

**{¶11}** Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., CONCURS IN JUDGMENT ONLY