[Cite as *Harmon v. Cuyahoga Cty.*, 2017-Ohio-8662.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105574**

# LINDA HARMON

PLAINTIFF-APPELLEE

vs.

# CUYAHOGA COUNTY, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-838317

**BEFORE:** Celebrezze, J., Keough, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 22, 2017

**ATTORNEYS FOR APPELLANTS**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Dale F. Pelsozy
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**Also Listed**

**For Bureau of Workers' Compensation**

Mike DeWine
Ohio Attorney General
Thomas M. McCarty
Assistant Attorney General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mitchell A. Stern
Mitchell A. Stern, L.P.A.
27730 Euclid Avenue
Cleveland, Ohio 44132

Brian M. Taubman
Bruce D. Taubman
Taubman Law
1826 West 25th Street
Cleveland, Ohio 44113

Barry A. Trattner
Trattner & Associates
1826 West 25th Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Cuyahoga County ("appellant"), appeals from an order of the Cuyahoga County Court of Common Pleas awarding plaintiff-appellee, Linda Harmon ("Harmon"), $3,800 in attorney fees pursuant to R.C. 4123.512(F).   Appellant argues that Harmon was not entitled to an award of statutory attorney fees because she was already participating in the workers' compensation fund, and thus, her counsel did not secure her right to participate in the fund.   After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Harmon was employed by appellant as a State Tested Nurses Aide ("STNA").  On July 6, 2012, Harmon sustained a lower-back injury in the course of her employment.

{¶3} On July 10, 2012, Harmon filed a workers' compensation claim for her injuries.   Harmon's claim was originally allowed for substantial aggravation of disc displacement and major depressive disorder, single episode, moderate.   Harmon subsequently requested an additional allowance for a low back sprain.[1]   On July 26, 2012, Harmon's claim was granted in an administrative order for "sprain lumbar region."

---

[1] Our record does not contain Harmon's C-86 motion.   A C-86 motion is an administrative motion in which a claimant can request that his or her workers' compensation claim be allowed for an additional condition.   *See Kenyon v. Scott Fetxer Co.*, 113 Ohio App.3d 264, 266, 680 N.E.2d 1034 (8th Dist.1996).

{¶4} Appellant contested the additional allowance for a back sprain. On August 8, 2012, appellant filed an appeal challenging the administrator's ruling. A hearing was held before a district hearing officer on October 29, 2012. On October 30, 2012, the district hearing officer denied appellant's appeal and modified the order of the Bureau of Workers' Compensation ("BWC"). The officer concluded,

> [Harmon] was injured in the course of and arising out of employment when she was lifting laundry bags full of dirty clothes and hurt her low back.

> The claim is ALLOWED for SPRAIN LUMBAR SPINE.

> The District Hearing Officer awards temporary total disability compensation from 07/07/2012 through the present and to continue upon submission of medical evidence.

{¶5} On November 15, 2012, appellant filed an appeal challenging the district hearing officer's ruling. A hearing was held on December 11, 2012, before a staff hearing officer. The staff hearing officer affirmed the district hearing officer's ruling.

{¶6} Appellant filed an appeal on December 21, 2012, challenging the staff hearing officer's ruling. On January 2, 2013, appellant's appeal was refused.

{¶7} In Cuyahoga C.P. No. CV-13-800584, appellant filed an appeal in the Cuyahoga County Court of Common Pleas on January 31, 2013. Harmon filed a complaint on May 28, 2013.[2] However, on January 6, 2014, Harmon filed a notice of voluntarily dismissal pursuant to Civ.R. 41(A). The trial court dismissed the case without prejudice on January 9, 2014.

---

[2] Harmon's complaint is not in the record before this court.

{¶8} On January 2, 2015, in Cuyahoga C.P. No. CV-15-838317, Harmon filed a "complaint and recommencement of Case Number CV[-]13-800584" against appellant and the BWC. Harmon alleged that the Industrial Commission's January 2, 2013 order was "a final order granting her the right to participate in the benefits provided by the Workers' Compensation Act." The BWC filed its answer on February 6, 2015; appellant filed its answer on February 12, 2015.

{¶9} In December 2015, the parties purportedly agreed to settle Harmon's workers' compensation claim for $32,500. On December 7, 2015, the trial court issued a journal entry that provided, in relevant part, "per notification of counsel this case is settled and dismissed."

{¶10} On June 10, 2016, Harmon, after retaining new counsel, filed a motion to set aside the settlement. On June 27, 2016, appellant filed a motion to vacate the trial court's judgment dismissing the case and to enforce the settlement. On December 6, 2016, the trial court issued the following journal entry: "Case called for hearing. By agreement of the parties [Harmon's] motion to set aside settlement filed on 6/10/16 is granted. [Appellant] dismisses this case with prejudice."

{¶11} On December 7, 2016, Harmon filed a motion for attorney fees pursuant to R.C. 4123.512. The trial court held a hearing on Harmon's motion on February 13, 2017. On February 17, 2017, the trial court granted Harmon's motion and awarded her attorney fees in the amount of $3,800.

**{¶12}** On March 16, 2017, appellant filed the instant appeal challenging the trial court's judgment.   Appellant assigns two errors for review:

I.   The court incorrectly awarded attorney fees when the case was dismissed voluntarily by agreement of the parties in settlement.

II.   The court abused its discretion in awarding attorney fees.

## II. Law and Analysis

## A. Propriety of Attorney Fees Award

**{¶13}** In its first assignment of error, appellant argues that Harmon was not entitled to an award of statutory attorney fees under R.C. 4123.512(F).

**{¶14}** R.C. 4123.512(F) governs the awarding of statutory attorney fees in workers' compensation cases that are appealed to the common pleas court.   R.C. 4123.512(F) provides:

The cost of any legal proceedings authorized by this section, including an attorney's fees to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund.   The attorney's fees shall not exceed five thousand dollars.

**{¶15}** This court reviews a trial court's award of attorney fees under R.C. 4123.512(F) for an abuse of discretion.   *Smith v. Franciscan Communities Inc.*, 8th Dist. Cuyahoga No. 101451, 2014-Ohio-5291, ¶ 6, citing *Hairston v. Baltimore Ravens, Inc.*, 8th Dist. Cuyahoga No. 91339, 2008-Ohio-5341, ¶ 19.   An abuse of discretion implies

that a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} Initially, we note that the record reflects that the attorney who filed the motion for attorney fees on Harmon's behalf was not her original attorney. Harmon's attorney acknowledged that he was not her original attorney during the trial court's hearing on the motion for attorney fees. Harmon's attorney explained that he first met with Harmon on April 29, 2016.

{¶17} As noted above, Harmon's workers' compensation claim had originally been allowed for substantial aggravation of disc displacement and major depressive disorder, and her claim was additionally allowed for a low back sprain. These allowances were granted before Harmon retained her current attorney. Furthermore, CV-15-838317 was purportedly settled and dismissed on December 7, 2015, before Harmon met with her current attorney.

{¶18} Harmon's attorney did not file a notice of appearance. However, Harmon's motion to set aside settlement, filed on June 10, 2016, provides that it was filed "by and through newly obtained counsel[.]"

{¶19} In the instant matter, appellant argues that Harmon was not entitled to an award of statutory attorney fees under R.C. 4123.512(F) because she was already participating in the workers' compensation fund, and thus, her attorney did not secure her right to participate in the fund. Appellant's argument is misplaced.

**{¶20}** The clear and unambiguous language of R.C. 4123.512(F) states that a claimant's attorney fees shall be taxed against the employer "in the event the claimant's right to participate or *to continue to participate in the fund* is established upon the final determination of an appeal[.]" (Emphasis added.) The fact that Harmon was already participating in the workers' compensation fund does not preclude her from recovering attorney fees — she is entitled to recover attorney fees from appellant if her right to continue to participate in the fund was established upon the final determination of the appeal in the trial court.

**{¶21}** After retaining new counsel, Harmon filed a motion to set aside the settlement agreement. Therein, Harmon asserted, "she is not now, nor was she ever interested in settlement of this claim. [Harmon] was and is currently seeking treatment for her allowed psychological condition and wishes to continue to do so." If Harmon was ultimately successful in setting aside the settlement agreement, she would have the right to continue participating in the workers' compensation fund.

**{¶22}** Appellant actively contested Harmon's motion to set aside the settlement agreement. Appellant filed a motion to vacate the judgment dismissing the case and enforce the settlement agreement.

**{¶23}** In its motion to vacate judgment and enforce settlement, appellant asserted that more than six months had passed since the parties reached a settlement during which "[Harmon] continues to receive [workers' compensation] benefits." Furthermore, appellant asserted that after the parties reached a settlement, "[i]t is only now that

[Harmon] has [had] a change of heart after dragging the administrative proceedings out and continuing to improperly collect benefits." If appellant was ultimately successful in enforcing the settlement agreement, Harmon would no longer have a right to continue participating in the workers' compensation fund and receiving benefits. Rather, she would receive the $32,500 settlement and nothing more.

{¶24} Harmon filed a reply brief in opposition to appellant's motion to vacate judgment and enforce settlement. Therein, Harmon asserted that her workers' compensation claim had been allowed for lumbar disc displacement and major depressive disorder, single episode, moderate. Furthermore, Harmon asserted that she did not want to settle the matter because a settlement would resolve her entire claim, including her claim for a back sprain that was before the trial court. Harmon filed an affidavit in support of her brief in opposition to appellant's motion in which she averred that she did not want to settle her workers' compensation claim because "she needed treatments for her depression" and "wanted to attempt to get back on temporary total disability."

{¶25} On December 6, 2016, the trial court issued a journal entry that provided, in relevant part, "case called for hearing. By agreement of the parties [Harmon's] motion to set aside settlement filed on 6/10/16 is granted. [Appellant] dismisses this case with prejudice. Costs to [appellant]."

{¶26} After reviewing the record, we cannot say that the trial court abused its discretion in determining that Harmon was entitled to an award of attorney fees pursuant to R.C. 4123.512(F). Although Harmon's right to participate in the workers'

compensation fund had already been established, the record reflects that appellant actively contested Harmon's right *to continue participating* in the workers' compensation fund.

{¶27} Harmon's 2015 civil action is a "legal proceeding" authorized under R.C. 4123.512. Appellant contested Harmon's right to continue participating in the workers' compensation fund by filing its motion to vacate judgment and enforce the settlement. The record reflects that Harmon succeeded on her motion to set aside the settlement agreement.

{¶28} Harmon's right to continue participating in the workers' compensation fund was ultimately established on the final determination of the trial court proceedings. The effect of the parties' agreement and appellant's dismissal was that Harmon was ensured that she would continue to participate in the workers' compensation fund rather than receiving the $32,500 settlement.

{¶29} Appellant argues that the only issues before the trial court when Harmon retained new counsel were Harmon's motion to set aside the settlement and appellant's motion to vacate the judgment of dismissal and enforce the settlement. Appellant contends that the issue of Harmon's right to participate in the workers' compensation fund was not before the trial court. This argument is unsupported by the record.

{¶30} As noted above, the competing motions undoubtedly had implications on Harmon's right to continue participating in the workers' compensation fund. If Harmon succeeded in setting aside the settlement agreement, she would have the right to continue

participating in the workers' compensation fund. On the other hand, if appellant succeeded in enforcing the settlement agreement, Harmon would be entitled to receive the $32,500 settlement.

{¶31} Appellant appears to argue that Harmon was not entitled to recover attorney fees under R.C. 4123.512(F) because she filed her motion to set aside the settlement first, and thus, was not forced to defend against an appeal or filing initiated by appellant. This court rejected a similar argument in *Cakic v. Ridge Pleasant Valley, Inc.*, 8th Dist. Cuyahoga No. 102278, 2015-Ohio-2523.

{¶32} In *Cakic*, the defendant-appellant employer argued that the employee was not entitled to recover attorney fees pursuant to R.C. 4123.512(F) because the employee filed an appeal seeking to overturn the Industrial Commission of Ohio's ruling, and thus, was not forced to defend against an appeal filed by the employer. This court explained that R.C. 4123.512(F) "does not limit a prevailing claimant's right to recover statutory attorney fees to cases in which a claimant is 'forced to defend' an appeal to the common pleas court filed by his or her employer or the [Industrial Commission]." *Id*. at ¶ 12. This court emphasized that "under the plain language of R.C. 4123.512(F), a claimant has a right to recover attorney fees in '*any legal proceedings*' authorized by the statute in which '*the claimant's right to participate* or to continue to participate in the fund *is established upon the final determination of an appeal*.'" (Emphasis sic.) *Id*.

**{¶33}** Accordingly, Harmon is not precluded from recovering attorney fees under R.C. 4123.512(F) merely because she filed her motion to set aside the settlement before appellant filed the motion to vacate judgment and enforce settlement.

**{¶34}** Finally, appellant argues that the trial court did not address the issue of Harmon's right to participate in the workers' compensation fund because the court did not rule on Harmon's motion to set aside the settlement and appellant's motion to vacate judgment and enforce the settlement.   This argument is unsupported by the record.

**{¶35}** The trial court's December 6, 2016 journal entry provides, in relevant part, "case called for hearing.   By agreement of the parties [Harmon's] motion to set aside settlement filed on 6/10/16 is granted. [Appellant] dismisses this case with prejudice. Costs to [appellant]."   Furthermore, this judgment ultimately established that Harmon had the right to continue participating in the workers' compensation fund, rather than her entire workers' compensation claim being settled for $32,500.

**{¶36}** Based on the foregoing analysis, appellant's first assignment of error is overruled.

### B. Amount of Attorney Fees Awarded

**{¶37}** In its second assignment of error, appellant challenges the amount of attorney fees awarded to Harmon.   Appellant argues that the trial court abused its discretion by awarding attorney fees to Harmon in the amount of $3,800.

> Under R.C. 4123.512(F), attorney fees are to "be fixed by the trial judge, based upon the effort expended," i.e., the effort spent by the claimant's attorney in litigating the appeal, and cannot exceed $4,200.   *Holmes [v. Crawford Machine, Inc.*, 134 Ohio St.3d 303, 2012-Ohio-5380, 982 N.E.2d

643, ¶ 12]. When determining the amount of attorney fees to award a prevailing claimant under R.C. 4123.512(F), the trial court must, therefore, consider "the effort expended" and "set the * * * award accordingly." *Id.* The fees awarded must "'bear[] a direct relation to a claimant's appeal that lawyers traditionally charge to clients,'" *Id.* at ¶ 13, quoting *Kilgore* [*v. Chrysler Corp.*, 92 Ohio St.3d 184, 187, 749 N.E.2d 267 (2001)] (reimbursement of costs, including attorney fees, under R.C. 4123.512(F), "is subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal"), and the amount must be "reasonable." *Holmes* at ¶ 13, citing *Schuller* [*v. United States Steel Corp.*, 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, syllabus]. The trial court's attorney fees award must also be supported by the record. *Smith,* [8th Dist. Cuyahoga No. 101451, 2014-Ohio-5291, at ¶ 8], citing *Rubenbauer v. C.W. Zumbiel Co.*, 1st Dist. Hamilton No. C-120486, 2013-Ohio-929, ¶ 11.

*Cakic*, 8th Dist. Cuyahoga No. 102278, 2015-Ohio-2523, at ¶ 16.

**{¶38}** In Harmon's motion for attorney fees, she requested the statutory maximum of $4,200 in attorney fees.[3] In support of Harmon's motion for attorney fees, Harmon's counsel filed a "time schedule" detailing the time he spent on the case. This document set forth specific dates on which counsel spent time on the case, brief descriptions of the time spent, and the specific amount of time spent on the various dates. The document reflects that Harmon's counsel spent a total of 19 hours on the case.

**{¶39}** Appellant argues that the trial court's award of attorney fees is not supported by the record. Appellant further contends that Harmon's attorney's testimony regarding the time he spent on the case was neither credible nor a credible basis upon which to award attorney fees to Harmon.

---

[3] In 2017, House Bill 27 amended the statutory maximum award of attorney fees from $4,200 to $5,000.

{¶40} In support of its challenge to the credibility of Harmon's counsel's testimony, appellant emphasizes that counsel (1) did not contemporaneously keep track of the time he spent on the case nor use a program to keep track of his time; (2) "reconstructed the time [he spent on the case] from memory"; (3) submitted a three-sentence brief in support of Harmon's motion to set aside the settlement, without citation to or analysis of case law or applicable statutes, and claimed that he spent two hours on the brief; and (4) recorded time spent on hearings that were postponed or cancelled.

{¶41} The trial court held a hearing on Harmon's motion. During this hearing, Harmon's counsel testified about the time he spent on the case. Although Harmon requested $4,200 in attorney fees in her motion, Harmon's counsel amended the request to $3,800 during the hearing.

{¶42} Counsel testified that he first met with Harmon on April 29, 2016. During this meeting, Harmon indicated that she was upset because she did not have any money coming in and that she did not want to go through with a settlement that had been reached between her prior attorneys, appellant, and the BWC. Counsel stated that he met with Harmon for a second time on May 11, 2016. During this meeting, they decided to file a motion to set aside the settlement. Counsel testified that he reviewed the procedural history of Harmon's workers' compensation claim. Counsel filed the motion to set aside the settlement on Harmon's behalf on June 10, 2016.

**{¶43}** Harmon's counsel testified that he reported to the common pleas court on June 22, 2016, for the hearing that had been scheduled on Harmon's motion to set aside the settlement. Counsel explained that the hearing was rescheduled after he waited for two hours. Counsel testified about the time he spent preparing for and attending several other hearings that were rescheduled.

**{¶44}** On cross-examination, the prosecutor disputed whether Harmon's counsel spent one hour on the September 26, 2016 hearing. The prosecutor recalled that the parties were notified of the continuance by phone and that the parties did not appear in court. Harmon's counsel asserted that he prepared for the hearing before he received a phone call about the continuance. Furthermore, he explained, "[e]very time we had to reschedule for a hearing, I had to meet with [Harmon] to prepare. I wanted to make sure she was current and remembered everything." (Tr. 9.)

**{¶45}** Counsel asserted that he spent approximately one hour reviewing appellant's motion to vacate the judgment of dismissal and enforce the settlement. He spent another two hours preparing, reviewing, and filing a brief in opposition to appellant's motion. Counsel testified that he spent approximately one hour preparing, reviewing, and filing an affidavit from Harmon. He prepared and filed two subpoenas for Harmon's previous attorneys.

**{¶46}** Counsel testified that he met with Harmon on September 6 and December 3 to prepare for upcoming hearings. Counsel explained that he spent four and one-half hours on the trial court's hearing on the motion to set aside settlement because

"[s]omebody came in about three and a half hours late, so I sat here for four and a half hours." (Tr. 9.)

**{¶47}** Counsel testified that he spent a total of 19 hours on the case. (Tr. 9.) He explained that this was a "conservative" calculation of the time he expended.

**{¶48}** The prosecutor cross-examined Harmon's attorney about the time he spent on the case. On cross-examination, counsel acknowledged that he does not have a program to keep track of the time that he spends on a case. Counsel explained that he does most of his work on a contingency fee basis. Counsel confirmed that he did not have any records of the time he spent on the case, and that the time he reported was based on his memory.

**{¶49}** When the prosecutor disputed whether Harmon's counsel spent two hours on the motion to set aside the settlement, Harmon's counsel explained, "[t]hat's what I said, you know, it took [two hours], and in connection with looking through the Workers' Compensation file, seeing who [Harmon] was treated for psychologically, that's very close, yes." (Tr. 12.)

**{¶50}** After hearing the parties' closing arguments, the trial court took the matter under advisement. On February 17, 2017, the trial court issued its judgment entry granting Harmon's motion and awarding her $3,800 in attorney fees.

**{¶51}** After reviewing the record, we cannot say that the trial court abused its discretion in awarding attorney fees to Harmon. Initially, we note that the trial court was

in the best position to assess the credibility of the witnesses, including Harmon's attorney, that addressed the court during the hearing on Harmon's motion for attorney fees.

> The credibility of a witness is primarily for the trier of fact to assess. *State v. Bradley*, 8th Dist. Cuyahoga No. 97333, 2012-Ohio-2765, ¶ 14, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact is in the best position to make credibility determinations because it is able to view the demeanor of a witness while he or she is testifying; this court cannot. The trier of fact is therefore in the best position to determine if the proffered testimony is credible. *State v. Holloway*, 8th Dist. Cuyahoga No. 101289, 2015-Ohio-1015, ¶ 42, citing *State v. Kurtz*, 8th Dist. Cuyahoga No. 99103, 2013-Ohio-2999, ¶ 26.

*Khatib v. Peters*, 2017-Ohio-95, 77 N.E.3d 461, ¶ 28 (8th Dist.); *see State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24 (the trier of fact is best able "to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony.").

**{¶52}** In the instant matter, the trial court, unlike this court, observed Harmon's counsel in person and was able to view his demeanor while he testified. In awarding attorney fees to Harmon, the trial court evidently determined that Harmon's counsel and his testimony were, in fact, credible. We defer to the trial court's credibility determination.

**{¶53}** Additionally, upon review, we find that the trial court's award of attorney fees is supported by competent evidence in the record. In *Cakic*, this court held that the trial court abused its discretion in awarding the claimant $4,200 in attorney fees because there was no evidence in the record supporting the amount of attorney fees awarded. *Cakic*, 8th Dist. Cuyahoga No. 102278, 2015-Ohio-2523, at ¶ 22. This court explained

that the claimant "submitted no affidavit from counsel, no time sheets or billing records detailing the time spent by counsel or counsel's hourly rate or any other information or documentation supporting her request for attorney fees." *Id*. at ¶ 21.

**{¶54}** In *Rubenbauer*, 1st Dist. Hamilton No. C-120486, 2013-Ohio-929, the appellate court reversed the trial court's judgment awarding attorney fees to the claimant pursuant to R.C. 4123.512(F). *Id*. at ¶ 11. The First District explained that the claimant's counsel "failed to submit a timesheet and accompanying affidavit detailing the hours expended on the case and counsel's hourly rate. And there is no other competent evidence in the record to support the trial court's award." *Id*.

**{¶55}** In the instant matter, unlike *Cakic* and *Rubenbauer*, the trial court's award of attorney fees is supported by competent evidence in the record. As noted above, Harmon's counsel submitted a "time schedule" along with Harmon's motion for attorney fees in which counsel detailed the time he spent on the case. Counsel testified in detail about the time he spent on the case during the trial court's hearing. Furthermore, at the outset of the hearing, the trial court acknowledged that the parties stipulated that counsel's fee of $200 per hour was reasonable. (Tr. 4.)

**{¶56}** Finally, appellant appears to argue that the trial court was without jurisdiction to award attorney fees to Harmon because the case had been settled and dismissed. This argument is misplaced.

**{¶57}** The clear and unambiguous language of R.C. 4123.512(F) provides that a claimant is entitled to recover attorney fees in the event that the claimant's right to

participate or to continue to participate in the workers' compensation fund "is established *upon the final determination of an appeal*." (Emphasis added.) Thus, the final determination of an appeal — such as appellant's dismissal of the case with prejudice — does not divest the trial court of jurisdiction to award statutory attorney fees. In fact, this court has held that a claimant is entitled to recover the statutory attorney fees even when a trial court dismisses an employer's appeal for lack of subject matter jurisdiction. *See Hairston*, 8th Dist. Cuyahoga No. 91339, 2008-Ohio-5341.

{¶58} Based on the foregoing analysis, appellant's second assignment of error is overruled.

### III. Conclusion

{¶59} After thoroughly reviewing the record, we cannot say that the trial court abused its discretion in awarding attorney fees to Harmon pursuant to R.C. 4123.512(F). Harmon's right to continue participating in the workers' compensation fund was ultimately established upon appellant's dismissal of the case with prejudice. The trial court's award of $3,800 in attorney fees is supported by competent evidence in the record.

{¶60} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR